**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY INSURANCE
COMPANY,

       Plaintiffs,

v.                                   CASE NO: 8:10-cv-1541-T-26TBM

BETA CONSTRUCTION LLC f/k/a Beta
Drywall LLC; FINEST DRYWALL, INC.;
and ROBERT C. PATE, as Trustee for the WCI
Chinese Drywall Trust,

       Defendants.

_____/

**<u>AMENDED ORDER</u>**

      Before the Court is Defendants' Motion to Dismiss, or in the alternative, to Stay

the Action or Transfer Venue to the United States District Court for the Eastern District

of Louisiana (Dkt. 17),[1] and Plaintiffs' Response.  (Dkt. 25).  After careful consideration

of the file, the Court concludes that the motion should be denied and this case should

proceed.

**THE TWO ACTIONS**

_____

    [1]   Defendant Finest Drywall, Inc. adopts and joins in the motion.  (Dkt. 19).

This action seeks declaratory relief regarding coverage issues on various insurance policies with respect to claims related to defective drywall installed by Beta Construction LLL (Beta) and Finest Drywall, Inc. (Finest).  Plaintiff National Union Fire Insurance Company of Pittsburgh (National Union) issued three policies: two to Beta, and one to Finest.  Plaintiff Commerce and Industry Insurance Company (CIIC) issued one policy to Finest.  Plaintiffs request this Court to determine whether they owe a duty to defend or indemnify Beta, Finest and/or Robert C. Pate, who is the Trustee for WCI Chinese Drywall Trust.  WCI Communities (WCI) is now a bankrupt homebuilder that built homes in Florida in which Beta and Finest, as subcontractors for WCI, installed drywall from China.  The WCI Chinese Drywall Trust was created in the bankruptcy court in Delaware to assume WCI's liability for claims arising from the Chinese drywall used in the homes built by WCI and to obtain insurance proceeds to settle those claims.

This action was filed on July 13, 2010.  Seven months before this action was filed, however, in December 2009, Defendant Pate filed an action in the District Court for the Eastern District of Louisiana titled Pate v. American International Specialty Lines Insurance Company, et al., 2:09-cv-7791 (the Louisiana action).  In the Louisiana action, Pate sued National Union and a host of other insurance companies,[2] but did not sue CIIC.  The Louisiana action, however, seeks to obtain the insurance proceeds under the same

---

[2]   In the Louisiana action, Pate initially sued fifteen insurance companies.  In the first amended complaint, four more insurance companies were added.

three National Union policies and the CIIC policy at issue in the instant action.[3]  The

Louisiana action was filed as part of multidistrict litigation, MDL-2047, pending in the

Eastern District of Louisiana. The MDL case was formed to handle, within the context of

the rules pertinent to multidistrict litigation, the numerous cases filed as a result of

injuries to property and person resulting from the installation of defective Chinese

drywall in homes mainly in the southeastern United States.[4]

---

[3]   Pate asserts in the Louisiana action that WCI was an additional insured or additional named insured to Beta and Finest under the policies at issue in this lawsuit.

[4]  Judge Fallon, the presiding judge in MDL-2047, wrote about the types of cases transferred to the multidistrict litigation in the context of the economic loss rule in one of his first orders:

> [Various hurricanes led to a shortage of construction materials, including drywall.] As a result, drywall manufactured in China was brought into the U.S. and used in the construction and refurbishing of homes in the Gulf Coast area and elsewhere.  Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses and the corrosion of appliances and certain other components of their homes.  Some homeowners began to complain of headaches, nosebleeds, difficulty breathing and other physical afflictions believed to be caused by the Chinese drywall.  Accordingly, homeowners began to file suit in both federal and state courts against homebuilders, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall.  Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation.

In re Chinese Manufactured Drywall Products Liability Litigation, 680 F.Supp.2d 780, 782 (E.D. La. 2010).

In this action, Plaintiff National Union is a Pennsylvania insurance company with its principal place of business in New York.  Plaintiff CIIC is a New York insurance company with its principal place of business in New York.  Defendant Beta is a Florida limited liability company with its principal place of business in Florida.  Beta is in the business of purchasing, selling and/or distributing drywall throughout Florida.  Defendant Finest is a Florida corporation with its principal place of business in Florida.  Finest conducts the same type of business as Beta— installation of drywall as subcontractors.  Defendant Pate, as Trustee, is a citizen of Texas, and the trust was created in Delaware.

## PERTINENT FACTS

Although the insurance agents are not parties to this action, the National Union policies issued to Beta were procured by an insurance agency in Clearwater, Florida, and both policies were issued to Beta at a Florida address.  In this action, none of the homes constructed with the defective drywall were in Louisiana and none of the alleged injuries arise out of or occurred in Louisiana.  On the contrary, the drywall at issue in this case was installed in homes in Florida.  There is a motion pending to dismiss the Louisiana action for improper venue, based on lack of personal jurisdiction and the fact that a substantial part of the events did not occur in Louisiana.[5]

There appears to be no personal jurisdiction over CIIC, Beta, or Finest in Louisiana, which means that CIIC or Beta or Finest could not have been sued in

---

[5] See docket 25, Exhs. B & C.

Louisiana.  Hence, a pending motion to dismiss filed by National Union and based on

failure to join indispensable parties, Beta and CIIC, is pending in the Louisiana action.[6]

In addition to the fact that personal jurisdiction is an issue in the Louisiana action,

National Union did not receive any warning of the filing of the Louisiana lawsuit until it

was served with process.

Although multi-district litigation exists in the Eastern District of Louisiana, MDL-

2047, the Joint Panel on Multidistrict Litigation (JPML) has vacated and denied transfer

orders for insurance coverage cases in MDL-2047.  The orders provide in pertinent part:

> The declaratory judgment actions related to the use of the
> Chinese-manufactured drywall may implicate similar legal
> issues, but while consistent legal rulings are often a thankful
> by-product of centralization, Section 1407 does not, as a
> general rule, empower the Panel to transfer cases solely due to
> the similarity of legal issues.  The insurance coverage
> questions in these cases are likely to be decided by an
> application of the complaint to the policy language under the
> applicable state law, and the insurance company that might
> benefit the most from the efficiencies of centralization
> opposes transfer of these cases.  In these circumstances, the
> similarity of legal issues alone is not enough to justify
> transfer.

See Orders entered by JPML June 15, 2010, at docket 25, Exh. E; June 15, 2010, at

docket 25, Exh. F; and August 9, 2010, at docket 25, Exh. I (also docketed at 5252 in

MDL-2047).  In addition to vacating and denying transfer orders, MDL presiding Judge

Fallon granted an order recommending to the transferee court to remand an insurance

---

[6]  See docket 25, Exh. A.

coverage action back to the federal district court for the Middle District of Georgia.   In

that order Judge Fallon wrote:

> The present action was the first insurance declaratory
> judgment action transferred to MDL 2047 *and the last*.   On
> June 15, 2010, the Panel entered an order denying transfer of
> three similar declaratory judgment actions, finding
> insufficient similarity between the issues to be determined,
> i.e., insurance coverage, and the underlying claims to justify
> centralization.   Thereafter, the Plaintiffs' Steering Committee
> in MDL 2047 withdrew its Motion for Designation of
> Potential Tag-Along Actions which named numerous other
> similar declaratory judgment actions involving insurance
> coverage issues.

See Order entered September 9, 2010, at docket 25, Exh. G (also docketed at 5503 in

MDL-2047).   (Emphasis added).   Notably, the status of the proceedings in MDL-2047

remains at the motion to dismiss stage.

## APPLICABLE LAW

Defendant Pate urges this Court to dismiss this action or, alternatively, stay or

transfer the action to the Eastern District of Louisiana where the Louisiana action is

pending.   Both sides accuse the other of forum shopping, and both argue that the "first-

filed rule" inures to their benefit.   The first-filed rule is applied in situations like the

instant case in which "two actions involving overlapping issues and parties are pending in

two federal courts."   Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005);

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1173-74 (11th Cir.

1982).   The first-filed rule carries the presumption that the forum in which the case was

first filed is the favored forum.  Manuel, 430 F.3d at 1135; Global Innovation Tech.

Holdings, LLC v. Acer Am. Corp., 634 F.Supp.2d 1346, 1348 (S.D. Fla. 2009).  The

primary purpose of the rule is to conserve judicial resources, and to avoid conflicting

results and piecemeal litigation.  See Groom v. Bank of Am., 2010 WL 627564, at *9

(M.D. Fla. 2010) (citing Merrill Lynch, 675 F.2d at 1173-74); Allstate Ins. Co. v.

Clohessy, 9 F.Supp.2d 1314, 1316 (M.D. Fla. 1998).

        The three primary considerations are (1) the chronology of the two actions, (2) the

similarity of the parties, and (3) the similarity of the issues.  Groom, 2010 WL 627564, at

*9 (citing Actsoft, Inc. v. Alcohol Monitoring Sys., Inc., 2008 WL 2266254, at *1 (M.D.

Fla. 2008)).  The similarity of the issues and parties, or "overlapping" must be substantial.

See Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947 (5th Cir. 1997) (relying on former

Fifth Circuit case).  One situation in which a substantial overlap has not been found is

where the defendants in the second-filed action cannot be joined in the first-filed action

based on the lack of personal jurisdiction in the first-filed forum.  See Buffalo Wild

Wings, Inc. v. BWR McAllen, Inc., 2010 WL 2640122, at *1 (S.D. Tex. 2010).

        The first-filed rule should not be applied mechanically, and where certain

compelling circumstances exist, a departure in favor of the second-filed action may occur.

See Vital Pharmaceuticals, Inc. v. Cytosport, Inc., 2009 WL 302277, at *2 (S.D. Fla.

2009);  Clohessy, 9 F.Supp.2d at 1316.  Many equitable factors are considered when

determining whether compelling circumstances exist.  Vital, 2009 WL 302277, at *3-5.

Some of those factors include forum shopping by the plaintiff in the first-filed action, superiority of the second-filed action's forum in resolving the issues, and the convenience to the parties and witnesses in the second-filed forum.  <u>Manuel</u>, 430 F.3d at 1137; <u>Vital</u>, 2009 WL 302277, at *3-5.   The burden of proving compelling circumstances to carve out an exception to the first-filed rule in any given case lies with the party challenging the first action.  <u>Manuel</u>, 430 F.3d at 1135.  This case, however, does not provide a situation in which Pate, the movant, desires to avoid the presumptions of the first-filed rule.  It is the Plaintiffs who object to being transferred to the first-filed action.

## ANALYSIS

### *Substantial Overlap of Parties and Issues*

Neither the parties nor the issues in this action and the Louisiana action substantially overlap for purposes of the first-filed rule.  First, CIIC is not a named defendant in the Louisiana action and therefore any coverage issues with respect to CIIC are not an issue there.  Additionally, the Louisiana action does not include Beta and Finest, the named insureds, as named defendants.  Moreover, because the Eastern District of Louisiana appears to lack personal jurisdiction over Beta and Finest, three of the four counts in the instant action, which are directed against Beta and Finest, cannot be resolved in the Louisiana action.

To the extent Pate argues that the Louisiana action is more comprehensive, the two actions do not involve identical parties, which undermines his assertion.  The inclusion of

other insurers in the Louisiana action does not make the first-filed action more comprehensive. Numerous other insurance policies will be interpreted in the Louisiana action and such interpretations will not be binding on the National Union policies issued to Beta and Finest. Accordingly, with no benefit from interpretations in the Louisiana action of policies other than the ones at issue in this action, and without key parties of this action under the jurisdiction of the Louisiana action, the Court finds no substantial overlapping of issues or parties.

### *Compelling Circumstances*

Even assuming substantial overlap exists, no compelling circumstances exist to warrant dismissing or transferring this action. Pate asserts two compelling circumstances: Plaintiffs' filing of this action as a wrongful attempt to preempt the Louisiana action and the balance of convenience tips the scales toward the Louisiana action. For the following reasons, the Court finds that neither reason is compelling. On the other hand, Plaintiffs' reasons for avoiding a rote application of the first-to-file rule in the case are compelling.

Much of Pate's argument focuses on his inability, as trustee, to have anticipated that this case would have been brought here, and therefore the Louisiana action was not preemptive. It is true at the time of the filing of the Louisiana action that the Eastern District of Louisiana might have been the "natural choice" because MDL-2047 was pending there at that time. The fact, however, that the parties were not engaged in settlement discussions, or any discussions, before the Louisiana action was filed, is

relatively insignificant.  The parties could not have been having any discussions because the first notice to National Union of any action on the policies at issue in this case was the receipt of service of process of the Louisiana action, which is significant as evidence that National Union could not have relayed its intention to Pate that it intended to file in this Court.  Essentially, these facts do not rule out forum-shopping on the part of Pate.

A more meaningful determination can be made when reviewing the facts that may or may not warrant deferral to the first-filed action.  There is no connection with Pate to Louisiana as he is a resident of Texas and a trustee of a trust created by order of a bankruptcy court in Delaware.  The National Union and CIIC policies were not brokered in Louisiana, and the named insureds are not located in Louisiana.  That the MDL is located in the Eastern District of Louisiana does not necessarily require that all actions involving Chinese drywall be brought there, as evidenced by the several orders entered denying transfer into the MDL and vacating orders of prior transfer.  Judge Fallon, to the contrary, made the ruling that resolution of insurance coverage issues on various policies would entail "insufficient similarity between the issues to be determined" to justify centralization of all the declaratory actions on all of the insurance policies in the MDL. In sum, the record reveals no reason other than the pendency of MDL-2047, which has decided not to accept transfer of insurance coverage issues, to support Pate's selection of the Eastern District of Louisiana.

More important, as the Eleventh Circuit recognized in <u>Manuel</u>, some courts, within the context of a motion to stay a second-filed action, have applied "the same general factors that are considered in a motion to transfer under 28 U.S.C. § 1404(a)." 430 F.3d at 1135.  Consequently, this Court must determine whether the balance of convenience tips in favor of the Defendant Pate to mandate this action be transferred to the first-filed action in Louisiana.  To that end, nine factors must be considered to weigh the respective conveniences between the two forums when determining whether the first-filed rule should be applied.  <u>Manuel</u>, 430 F.3d at 1135 n. 1.[7]  With respect to the first, third, and fourth factors, Louisiana is not more convenient for the witnesses or parties and is not the locus of the operative facts.  In the Louisiana action, Beta has not been served and it is doubtful whether personal jurisdiction exists over Beta, Finest, or CIIC in Louisiana. Both Beta and Finest are Florida corporations with their principal places of business in Florida. The defective drywall at issue under the insurance policies in this action was installed in homes located in Florida, not Louisiana.  The injuries associated with the

---

[7]   The nine factors include:
> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

<u>Manuel</u>, 430 F.3d at 1135 n. 1.

insurance policies occurred in Florida or arose out of activities that occurred in Florida. The insurance policies were brokered in Florida. Based on this record, this forum would provide the most convenience for the parties and the witnesses, and the operative facts transpired in Florida.

With respect to the second, fifth, sixth, and seventh factors, this forum is more convenient. Relevant documents would be located in Florida because the insurance policies were negotiated in Florida and the installation of the Chinese drywall occurred in Florida. Beta's and Finest's employees are located in Florida and could be compelled to testify in the Middle District of Florida with less cost incurred. With respect to the forum's familiarity with the governing law, because the Louisiana action has not progressed past the motion to dismiss stage, the Louisiana forum is not more familiar with the action on these insurance policies.

Although Pate urges this Court to give great weight to his choice of forum as the Plaintiff, Pate did not avail himself of the courts in Texas, his state of residence, or Delaware, the state of the creation of the Chinese Drywall Trust. Where a plaintiff has no connection to his chosen forum and the dispute has no connections to his chosen forum, minimal or less deference is due plaintiff's choice. See Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp., 508 F.Supp.2d 1186, 1189 (S.D. Fla. 2007); Windmere Corp. v. Remington Prod., Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985).

Lastly, the final factor of trial efficiency and the interests of justice does not lean toward transfer in the assessment of application of the first-filed rule.  The underlying homeowners who purchased homes from WCI are barred from prosecuting their claims in the MDL per a bankruptcy court order; they will be resolved by Pate using a method approved by the bankruptcy court.  Judge Fallon will not be presiding over the resolution of the underlying claims, although he is familiar with the factual and legal issues arising out of drywall claims.  Based on the fact he has not yet considered the factual and legal issues associated with the insurance policies at issue in this case, and the fact that he will not resolve the numerous insurance coverage cases before him in one proceeding, the ninth factor does not suggest that this case should be transferred.  Thus, all nine factors militate toward recognizing an exception to the application of the first-filed rule in this case and denying transfer to the Eastern District of Louisiana.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, or in the alternative, to Stay the Action or Transfer Venue to the United States District Court for the Eastern District of Louisiana (Dkt. 17) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on October 5, 2010.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

-13-