UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and COMMERCE AND INDUSTRY INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>BETA CONSTRUCTION LLC f/k/a BETA DRYWALL LLC; FINEST DRYWALL, INC.; and ROBERT C. PATE, as Trustee for the WCI Chinese Drywall Trust;<br><br>      Defendants. | Case No. 8:10-cv-01541-RAL-TBM |

## CASE MANAGEMENT REPORT

    1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 27, 2010 at 10:30 a.m. EST by telephone and was attended by:

| | |
|---|---|
| Jocelyn P. Jopa, Esq. | Plaintiffs |
| Anna M. Piazza, Esq. | Defendant Robert C. Pate |
| Franklin Paulino, Esq. | Defendant Finest Drywall, Inc. |

    2.    <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary

material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

_____    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

_____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____

\_\_X\_\_\_    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). <u>Plaintiffs</u> object to disclosure of such information for the specific reason(s) that:

Counsel for Plaintiffs objected during the conference that discovery, inclusive of initial disclosures, is not appropriate in the circumstances of this insurance coverage action, and hereby re-state their objection pursuant to Fed.R.Civ. P. 26(a)(1). Plaintiffs assert that this insurance coverage action can be determined as a matter of law, because under Florida law, an insurer's duty to defend is determined solely by the Court's comparison of the insurance policies and the allegations in the underlying complaints, and discovery is not necessary or permitted in this analysis. Subject to and without waiving this objection, this Case Management Report was prepared to attempt to comply with this Court's designation of this case as a Track 2 case by order entered July 21, 2010 [D.E. 5]. To the extent this Court denies Plaintiffs' motion for summary judgment, Plaintiffs will disclose information referenced by Fed. R.

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

>   >   Civ. P. 26(a)(1)(A)-(D) within 30 days after such Order. Plaintiffs' objection is incorporated into ¶¶ 2, 3, 6, 8, 9, 10, 11 and 12 as though fully set forth therein.
>   >
>   >   Counsel for Pate contends that discovery is appropriate and necessary in this case. Counsel for Pate proposes that the parties exchange initial disclosures by January 1, 2011.
>   >
>   >   Counsel for Finest Drywall Inc. attended the case management meeting, did not offer any objections to this report, and did not propose any discovery.

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

>   a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

Because no discovery is necessary, Plaintiffs reiterate and restate their objection to discovery detailed in ¶2 above.

>   (1) <u>Requests for Admission:</u> Notwithstanding the above objection, to the extent that any discovery is necessary, Plaintiffs plan to utilize requests for admission to obtain agreement on matters which are disclosed or discovered in the course of discovery which should be undisputed by the Defendants. These matters include, but are not limited to, the authenticity of documents.
>
>   (2) <u>Written Interrogatories:</u> Notwithstanding the above objection, to the extent that any discovery is necessary, interrogatories would be used to obtain discovery regarding the Defendants' Affirmative Defenses, if any, once all Defendants serve Answers to the Complaint, which may be raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.
>
>   (3) <u>Requests for Production or Inspection:</u> Notwithstanding the above objection, to the extent that any discovery is necessary, the requests for production or inspection of documents would be used to obtain discovery regarding the Defendants' Affirmative Defenses, if any, once all Defendants serve their Answers to the Complaint, which are raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.

(4) <u>Oral Depositions:</u> Notwithstanding the above objection, to the extent that any discovery is necessary, up to ten (10) oral depositions used as part of its discovery are presently requested for purposes of this Conference Report.

Time Permitted for Each Deposition:   Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| None | N/A | N/A |

b.   <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Notwithstanding the above objection, to the extent that any discovery is necessary, any disclosures required under Fed.R.Civ.P.26(a)(2)(C) will be made by future order of the Court or, in the absence of a future order, in accordance with the requirements of Fed.R.Civ.P. 26(a)(2)(C).

c.   <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Notwithstanding the above objection, to the extent that any discovery is necessary, as soon as practicable after the Party learns the prior information disclosed or provided through discovery was incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing.

d. <u>Completion of Discovery</u>:  Notwithstanding the above objection, to the extent that any discovery is necessary, Plaintiffs will commence all discovery in time for it to be completed on or before <u>3/13/2012</u>; however, this date may be amended by order of the Court.

4.   <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

      a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

Counsel for Finest Drywall Inc. attended the case management meeting, did not offer any objections to this report, and did not propose any discovery.

      (1) <u>Requests for Admission:</u> If discovery is allowed, Defendant Pate will serve requests for admission as appropriate, including to authenticate documents.

      Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2) <u>Written Interrogatories:</u> If discovery is allowed, Defendant Pate will serve written interrogatories on topics including, among others, Plaintiffs' defenses to coverage under the insurance policies at issue.

      Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3) <u>Requests for Production or Inspection:</u> If discovery is allowed, Defendant Pate will serve requests for production of documents on topics including, among others, Plaintiffs' defenses to coverage under the insurance policies at issue.

      (4) <u>Oral Depositions</u>: If discovery is allowed, Defendant Pate will take up to ten depositions.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| None | N/A | N/A |

b.  **Disclosure of Expert Testimony**: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Any disclosures required under Fed.R.Civ.P.26(a)(2)(C) will be made by future order of the Court or, in the absence of a future order, in accordance with the requirements of Fed.R.Civ.P. 26(a)(2)(C).

c.  **Supplementation of Disclosures and Responses**: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

As soon as practicable after the Party learns the prior information disclosed or provided through discovery was incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing.

d.  **Completion of Discovery**: To the extent discovery is necessary, Defendant will commence all discovery in time for it to be completed on or before 3/13/2012; however, this date may be amended by order of the Court.

5.  **Joint Discovery Plan - Other Matters**: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether

discovery should be conducted in phases or be limited to or focused upon particular issues):

At the present time, the Parties do not have any additional agreements regarding discovery.

6.     <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

Counsel for Plaintiffs objected during the conference that discovery, inclusive of initial disclosures, is not appropriate in the circumstances of this insurance coverage action, and hereby re-state their objection pursuant to Fed.R.Civ. P. 26(a)(1). Plaintiffs assert that this insurance coverage action can be determined as a matter of law, because under Florida law, an insurer's duty to defend is determined solely by the Court's comparison of the insurance policies and the allegations in the underlying complaints, and discovery is not necessary or permitted in this analysis. Subject to and without waiving this objection, this Case Management Report was prepared to attempt to comply with this Court's designation of this case as a Track 2 case by order entered July 21, 2010 [D.E. 5]. To the extent this Court denies Plaintiffs' motion for summary judgment, Plaintiffs will disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) within 30 days after such Order.  Plaintiffs' objection is incorporated into ¶¶ 2, 3, 6, 8, 9, 10, 11 and 12 as though fully set forth therein.

It is the position of Defendants that discovery is necessary and appropriate and should be allowed prior to the filing of any motion for summary judgment by Plaintiffs.

7.     <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be <u>12/12/2011</u>, motions for summary judgment, and all other potentially dispositive motions should be <u>4/13/2012</u>. (Note time limit in Local Rule 4.03.)

8.     <u>Settlement and Alternative Dispute Resolution</u>:   Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely
_X_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b)
_____ yes      _X_ no      _____ likely to agree in future

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

_____yes   __X__ no   _____likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:

Track Two Cases: Parties
<u>X</u> request     (check one)
___ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after 6/13/2012 and for trial on or after 7/13/2012. The anticipated duration of this trial is not known at this time.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>: None at this time.

Respectfully Submitted:

Date: 10/05/2010      By:     /s/ Jocelyn Jopa_____
Joseph A. Hinkhouse
Sara Uffelman Gattie
Jocelyn Jopa
HINKHOUSE WILLIAMS WALSH
180 North Stetson Street, Suite 3400
Chicago, Illinois  60601
Phone:  (312) 784-5454
Fax:  (312) 784-5494
jhinkhouse@hww-law.com
sgattie@hww-law.com
jjopa@hww-law.com
*Co-Counsel for Plaintiffs*

Cindy L. Ebenfeld, Esq.
Fla. Bar No. 980579
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL  33026
Tel:     954-624-8700
Fax:    954-624-8064
cebenfeld@mhickslaw.com
*Co-Counsel for Plaintiffs*

Date: 10/05/2010      By:     /s/ Anna M. Piazza_____
Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:     212-278-1000
Fax:    212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com
*Attorneys for Defendant Robert C. Pate, As Trustee for the WCI Chinese Drywall Trust*

|  |  |  |
|---|---|---|
| Date: <u>10/05/2010</u> | By: | <u>/s/Alexis Gonzalez</u> |

                                                    Alexis Gonzalez, Esq.
                                                    Albert E. Acuna, Esq.
                                                    Law Offices of Alexis Gonzalez, P.A.
                                                    9755 SW 40th Terrace
                                                    Miami, FL 33165
                                                    Tel:    305-223-9999
                                                    Fax:   305-223-1880
                                                    <u>alexis@aglawpa.com</u>
                                                    <u>albert@aglawpa.com</u>
                                                    *Attorneys for Defendant Finest Drywall, Inc.*

AO 85 (Rev. 8/97) Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## Middle District of Florida

**NOTICE, CONSENT, AND ORDER OF REFERENCE-  
EXERCISE OF JURISDICTION BY A UNITED STATES  
MAGISTRATE JUDGE**

V.                                                                                                Case Number:

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| **Signatures** | **Party Represented** | **Date** |
|---|---|---|
| | | |
| | | |
| | | |

### ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to the Honorable United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____                                Date  
United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

4822-5430-6823, v. 1