# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY
INSURANCE COMPANY,

    Plaintiffs,

v.                                          CASE NO: 8:10-cv-1541-T-26TBM

BETA CONSTRUCTION LLC f/k/a
Beta Drywall LLC; FINEST DRYWALL, INC.;
and ROBERT C. PATE, as Trustee for the WCI
Chinese Drywall Trust,

    Defendants.
_____/

## O R D E R

        Pending before the Court is Defendant Robert C. Pate's (Pate) motion to dismiss for lack of personal jurisdiction. After careful review of Pate's submissions, together with the procedural history of this case, the Court concludes that the motion is due to be denied because Pate, as explained below, has waived the defense of lack of personal jurisdiction. In light of this conclusion, the Court needs no response from Plaintiffs.

        On September 1, 2010, Pate filed at docket 17 a motion to dismiss Plaintiffs' complaint or alternatively to stay the case or transfer it to the Eastern District of Louisiana on the basis of the "first-filed" rule. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (observing that "[w]here two actions involving overlapping issues and parties are pending in two

federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.") (citations omitted).  Significantly, Pate never raised the issue of lack of personal jurisdiction in this motion.  After receiving Plaintiffs' response,[1] the Court entered an order on September 24, 2010, at docket 28, denying the motion.

Pate's counsel subsequently conferred telephonically with Plaintiffs' counsel and counsel for Defendant Finest Drywall, Inc., on September 27, 2010, for the purpose of preparing and filing a case management report as required by Local Rule 3.05(c)(2)(B), which report was filed by the parties on October 5, 2010, at docket 32.  The next day, acting in reliance on the report, the Court entered a Case Management Scheduling Order at docket 33.

Given these undisputed record-based facts, Pate has waived his right to assert the defense of lack of personal jurisdiction for two reasons.  First, by failing to challenge this Court's personal jurisdiction in the first motion to dismiss, Pate has effectively waived his right to raise it in the second motion to dismiss under Rule 12(h)(1) of the Federal Rules of Civil Procedure, when read in conjunction with Rule 12(g)(2).  See Lane v. XYZ Venture Partners, L.L.C., 322 Fed.Appx. 675, 678 (11th Cir. 2009) (stating that "[w]hile it is true that the defense of lack of personal jurisdiction can be waived by filing a motion which does not raise the defense, Fed.R.Civ.P. 12(h)(1), waiver is only accomplished if the defense is not asserted in the first motion under Rule 12 or responsive pleading.  Fed.R.Civ.P. 12(h)(1)(B), 12(g)(2).").[2]  Second,

---

[1] See docket 25.

[2] The Court is well aware that in Lane the Eleventh Circuit held that a motion to stay did not operate under the rule as a waiver of the right to later challenge personal jurisdiction.  In this case, however, the primary thrust of Pate's motion was to dismiss the case with an alternative motion to stay or to transfer.

Pate has also waived his right to attack the personal jurisdiction of this Court by entering an appearance and participating in the case management conference without objecting to the Court's personal jurisdiction.  See Baragona v. Kuwait Gulf Link Trans. Co., 594 F.3d 852, 854 (11th Cir. 2010) (explaining that "[a] defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process.") (citing Sanderford v. Prudential Ins. Co., 902 F.2d 897, 899 (11th Cir. 1990)).[3]

Accordingly, for the reasons expressed, Defendant Robert C. Pate's Motion to Dismiss Based on Lack of Personal Jurisdiction (Dkt. 38) is denied.  Defendant Pate, as well as Defendant Finest Drywall, Inc., shall file their answer and defenses to Plaintiffs' complaint within ten (10) days of this order.  Additionally, Plaintiffs are reminded of their obligation under Rule 4(m) to effect service of process on Beta Construction LLC f/k/a Beta Drywall LLC, within 120 days of the filing of their complaint.

**DONE AND ORDERED** at Tampa, Florida, on October 26, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3]  The latter circumstance mentioned in Baragona constituting waiver obviously does not apply within the context of the record-based facts before the Court.