UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY
INSURANCE COMPANY,

                Plaintiffs,

- v-

BETA CONSTRUCTION LLC f/k/a BETA
DRYWALL LCC; FINEST DRYWALL,
INC.; and ROBERT C. PATE, as Trustee
for the WCI Chinese Drywall Trust,

                Defendants.

CASE NO.: 8:10-cv-01541-RAL-TBM

**JURY DEMAND**

## ANSWER AND COUNTERCLAIM

Defendant Robert C. Pate ("Pate"), as Trustee for the WCI Chinese Drywall Trust (the "Trust"), responds to the Complaint For Declaratory Judgment of Plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Commerce and Industry Insurance Company ("CIIC") as follows:

### I.   INTRODUCTION

1. Admitted.

2. Admitted.

3. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

4. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

### II.   THE PARTIES

5. Admitted.

6. Admitted.

7. Pate possesses insufficient information to admit or deny the allegations in this paragraph and therefore denies the same. Furthermore, the allegations in this paragraph are not directed to Pate. Pate denies that Beta is an "existing" corporation or currently in business.

8. Pate admits that Finest is a Florida corporation with its principal place of business in Florida. Pate possesses insufficient information to admit or deny the allegations in this paragraph and therefore denies the same. Furthermore, the allegations in this paragraph are not directed to Pate.

9. Admitted.

### III. JURISDICTION AND VENUE

10. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

11. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

12. Denied.

### IV. GENERAL ALLEGATIONS

#### A. Background

13. Admitted.

14. Admitted.

15. Pate admits that National Union sold the "2006 and 2007 Beta Policies." Pate possesses insufficient information to admit or deny how the policies were procured and therefore denies the same. Pate denies the characterization of the policies as they are documents that speak for themselves.

16. Pate admits that National Union sold the "2007 and 2008 Finest Policies." Pate possesses insufficient information to admit or deny how the policies were procured and therefore denies the same. Pate denies the characterization of the policies as they are documents that speak for themselves.

17. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

18. Pate possesses insufficient information to admit or deny when National Union received notice and therefore denies the allegations.

19. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

20. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

21. Admitted except that Pate does not seek defense under the insurance policies.

22. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

23. Pate admits that he filed *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 in the Eastern District of Louisiana. Pate denies that no contacts exist between Louisiana and the dispute in issue. Pate denies the characterization of the

Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

24. Pate denies the characterization of the documents filed in the Louisiana action as they speak for themselves.

25. Pate denies the characterization of the documents filed in the Louisiana action as they speak for themselves. Pate admits that National Union has stipulated to personal jurisdiction in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791.

26. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

27. Pate possesses insufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

28. Pate admits that Finest Drywall, Inc. is a Florida corporation with a principal place of business in Florida. Pate denies that Beta Construction LLC is a Florida corporation with a principal place of business in Florida. Pate possesses insufficient information to admit or deny the allegations in this paragraph and therefore denies the same. Further, the allegations in this paragraph are not directed to Pate. Pate denies the characterizations of the Louisiana Secretary of State's Corporations Database and the Louisiana State Licensing Board for Contractors records as they are records that speak for themselves.

29. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations. Pate admits that National

Union has stipulated to personal jurisdiction in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791.

30. Pate denies the characterization of the documents filed in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves. Pate admits that National Union has stipulated to personal jurisdiction in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791.

31. Pate possesses insufficient information to admit or deny what information National Union is "aware" of. Pate lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same. Furthermore, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

**B.  The Defective Drywall Claims**

32. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

33. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

34. Pate possesses insufficient information to admit or deny the allegations the allegations in this paragraph, especially given the ambiguity of what Plaintiffs mean by "complaints" and therefore denies the same.

35. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

36. Pate denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

37. Pate possesses insufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

### C. Drywall Studies

38. Pate denies the characterization of the drywall studies as the studies speak for themselves.

39. Pate denies the characterization of the drywall studies as the studies speak for themselves.

40. Pate denies the characterization of the drywall studies as the studies speak for themselves.

### D. The Policies

41. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations. Further, this paragraph contains allegations that are not directed to Pate.

42. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

43. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

44. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations. Further, this paragraph contains allegations that are not directed to Pate.

45. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

46. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

47. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

48. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

49. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

50. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

51. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

52. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

53. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

54. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

55. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

56. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

57. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

58. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

59. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

60. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

### COUNT I
### FOR A DECLARATION THAT NATIONAL UNION AND CIIC HAVE NO DUTY TO DEFEND OR INDEMNIFY PATE AS TRUSTEE OF THE WCI CHINESE DRYWALL TRUST

61. Pate repeats and incorporates by reference his answers to Paragraphs 1 to 60 as if they were set forth herein.

62. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

63. Denied.

64. The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

65. Denied.

## COUNT II
## FOR A DECLARATION THAT NATIONAL UNION HAS NO DUTY TO DEFEND OR INDEMNIFY BETA

66. Pate repeats and incorporates by reference his answers to Paragraphs 1 to 60 as if they were set forth herein.

67. The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

68. Denied.

69. The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

70. The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

## COUNT III
## FOR A DECLARATION THAT NATIONAL UNION HAS NO DUTY TO DEFEND OR INDEMNIFY FINEST

71. Pate repeats and incorporates by reference his answers to Paragraphs 1 to 60 as if they were set forth herein.

72. The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

73. Denied.

74.     The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

75.     The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

## COUNT IV
## FOR A DECLARATION THAT CIIC HAS NO DUTY TO DEFEND OR INDEMNIFY FINEST

76.     Pate repeats and incorporates by reference his answers to Paragraphs 1 to 60 as if they were set forth herein.

77.     The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

78.     Denied.

79.     The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

80.     The allegations in this paragraph are not directed to Pate. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Pate denies these allegations.

## PRAYER FOR RELIEF

1.     Pate denies that National Union and CIIC are entitled to the relief they request.

2. Pate denies that National Union and CIIC are entitled to the relief they request.

3. The relief requested in this paragraph is not directed to Pate.

4. The relief requested in this paragraph is not directed to Pate.

5. The relief requested in this paragraph is not directed to Pate.

6. Pate denies that National Union and CIIC are entitled to the relief they request.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of estoppel.

2. Plaintiffs, by their conduct, have waived their right to assert the claims.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by their breach of their duty of good faith and fair dealing.

5. Plaintiffs fail to state a claim upon which relief may be granted.

6. Venue is improper in this district.

7. The Court lacks personal jurisdiction over Robert C. Pate, as Trustee for the Chinese Drywall Trust.

## COUNTERCLAIMS

Robert C. Pate, as Trustee for the Chinese Drywall Trust ("Counterclaimant") brings these counterclaims against National Union and CIIC seeking a declaratory judgment and damages for breach of contract. By bringing the counterclaims, Pate does not concede personal jurisdiction or proper venue, but merely acknowledges the rulings of this Court, which we be appealed, and acts to protect his interest accordingly.

NYDOCS1-955551.6

## PARTIES

1. Plaintiff, Robert C. Pate, is a citizen of the state of Texas and lives in Corpus Christi, Texas.

2. Defendant National Union is a Pennsylvania corporation with its principal place of business in New York.

3. Defendant CIIC is a New York corporation with its principal place of business in New York.

## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

## FACTS

5. WCI contracts to build homes and residential communities in states such as Florida, New York, New Jersey, Virginia, Maryland, and Connecticut.

6. Its projects include, among other things, single-family homes, villas, condominiums, and luxury high rise towers.

### The Underlying Claims

7. In 2006, WCI began to receive complaints of property damage and/or bodily injury allegedly arising from Chinese Drywall[1] installed in homes that WCI sold in Florida, including areas such as Fort Lauderdale, Fort Myers, and Bradenton.

---

[1] As used herein, the term "Chinese Drywall" includes drywall manufactured in China as well as drywall manufactured domestically that contains recycled drywall from China.

8. The homeowners closed on these homes primarily between September 5, 2006 and September 12, 2008.

9. The claimants allege damages that include increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); various health issues allegedly arising from the drywall; and tarnishing of silver and soft metal within the homes.

### The WCI Chinese Drywall Trust

10. On August 4, 2008 and July 1, 2009, WCI Communities, Inc. and a number of its subsidiaries filed for bankruptcy (collectively, the "WCI Debtors").

11. On July 16, 2009, the WCI Debtors filed a Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

12. The Plan created a Chinese Drywall Trust to assume the WCI Debtors' liability or losses for claims asserted against them by an owner or occupant of, or person otherwise exposed to, a home built by the WCI Debtors for damages related to Chinese Drywall.

13. On the effective date of the Plan, the WCI Debtors transferred to the WCI Chinese Drywall Trust their right, title, and interest in the "Insurance Coverage Actions"[2]

---

[2] The Plan defines "Insurance Coverage Actions" as "any rights to indemnification, reimbursement, contribution or other payment under any of the [WCI] Debtors' existing insurance policies, including the [WCI] Debtors' director and officer liability insurance policies, as of the Effective Date that may provide coverage with respect to Allowed Chinese Drywall Claims."

and the "Chinese Drywall Actions"[3] and the proceeds thereof, and any right, title or interest in pursuing and receiving any and all "Insurance Recoveries."[4]

14.    The Plan also established a Chinese Drywall Trustee to prosecute the Insurance Coverage Actions and Chinese Drywall Actions.

15.    The United States Bankruptcy Court for the District of Delaware entered an Order confirming the Plan on August 26, 2009, including the creation of the WCI Chinese Drywall Trust, and approving the appointment of Robert C. Pate as the Chinese Drywall Trustee.

16.    Over 600 homeowners allegedly have Chinese Drywall installed in their homes and may seek recovery through the WCI Chinese Drywall Trust.

### The Insurance Policies

17.    The insurance policies that cover the losses arising from the Underlying Claims consist of liability insurance policies sold to WCI and numerous subcontractor insurance policies under which WCI is a named or additional insured.

---

[3] The Plan defines "Chinese Drywall Actions" as "the Causes of Action that the [WCI] Debtors may have against any subcontractor or other Person who installed Chinese drywall in a home built or sold by a [WCI] Debtor, directly or indirectly, any insurer of any such subcontractor or other Person, any retailer, wholesaler, distributor, manufacturer or provider of Chinese drywall that was installed in a home built or sold by a [WCI] Debtor, directly or indirectly, and/or any insurer of any such retailer, wholesaler, distributor, manufacturer or provider."

[4] The Plan defines "Insurance Recovery," in pertinent part, as "(a) the right to pursue and receive the benefits and proceeds of any insurance policy issued to, owned by, or otherwise providing coverage to any [WCI] Debtor, including any insurance policy owned by any third party on which any [WCI] Debtor is named as an additional insured, with respect to Chinese Drywall Claims; (b) the right to pursue and receive recovery from or as a result of any Insurance Coverage Action; ... [and] (e) the right to pursue and receive any other recovery from an insurance company, in its capacity as such, with respect to Chinese Drywall Claims."

18. National Union sold policy number BE 6564380, effective 2/28/06-2/28/07 to Beta Drywall LLC and BE 6564484, effective 2/28/07-2/28/08 to Beta Construction LLC.

19. National Union sold policy number BE5346464, effective 9/15/07-9/15/08 to Finest Drywall Inc.

20. CIIC sold policy number BE 012779651, effective 9/15/08-9/15/09 to Finest Drywall.

21. WCI is a named or additional insured under the aforementioned policies (the "Insurance Policies").

### Notice and Failure to Provide Coverage

22. WCI timely provided notice under the Insurance Policies.

23. WCI has satisfied fully all conditions precedent and obligations under the Insurance Policies.

24. National Union and CIIC have either denied coverage, reserved their rights, failed to reply to WCI's notice letters, or otherwise failed to acknowledge coverage.

### COUNT I
### DECLARATORY JUDGMENT

25. Pate repeats and realleges paragraphs 1 through 25 above as if fully set forth herein.

26. Under the terms of the Insurance Policies, National Union and CIIC are obligated to indemnify the Trust in connection with the Underlying Claims.

27. WCI has asked National Union and CIIC to perform their contractual obligations under the Insurance Policies.

28. A justiciable controversy exists as to the insurance coverage the Insurance Policies provide.

29. Accordingly, the Trust is entitled to a judgment declaring that National Union and CIIC are obligated to indemnify the Trust in connection with the Underlying Claims, pursuant to 28 U.S.C. § 2201.

### COUNT II
### BREACH OF CONTRACT

30. Pate repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

31. National Union and CIIC breached the Insurance Policies by failing to provide coverage for the Underlying Claims.

32. As a result, the Trust has suffered damages in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

33. Pate hereby demands a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

34. WHEREFORE, Pate demands upon National Union and CIIC:

A. Judgment in Pate's favor on Count I, declaring that National Union and CIIC are obligated to indemnify the Trust in connection with the Underlying Claims;

B. Judgment in Pate's favor on Count II, awarding the Trust damages in an amount to be determined at trial;

D. Pre and post-judgment interest;

E. Attorneys' fees;

F. Costs; and

G. Any and all such further relief as this Court deems just and proper.

November 1, 2010

Respectfully submitted,

/s/ Anna M. Piazza
Robert M. Horkovich
Anna M. Piazza
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
P: 212-278-1000
F: 212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

*Defendant Pate's and Counterclaim Plaintiff's Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served by electronic filing with the Clerk of Court of the United States District Court for the Middle District of Florida by using the CM/ECF System, which will send a notice of electronic filing, on this 1st day of November, 2010.

/s/ Anna M. Piazza
Anna M. Piazza