UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 8 :10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

      Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

      Defendants.

_____/

## ANSWER

Defendant, Finest Drywall, Inc. (hereinafter referred as "Finest"), responds to the

Complaint for Declaratory Judgment of Plaintiffs, NATIONAL FIRE INSURANCE

COMPANY OF PITTSBURGH, PA (hereinafter referred as "National Union"), and

COMMERCE AND INDUSTRY INSURANCE, COMPANY hereinafter referred as "CIIC"), as

follows:

**I.**    **INTRODUCTION**

    1.    Admitted.

    2.    Finest is without sufficient information to admit or deny the allegations in this

paragraph and therefore denies same.

    3.    The allegations in this paragraph state a legal conclusion, and to the extent a

response is called for, Finest denies these allegations.

1

4.      The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

**II.      THE PARTIES**

5.      Admitted.

6.      Admitted.

7.      Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

8.      Finest admits that it is a Florida corporation with its principal place of business in Florida.

9.      Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

**III.      JURISDICTION AND VENUE**

10.      The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

11.      The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

12.      Denied.

**IV.      GENERAL ALLEGATIONS**

**A. Background**

13.      Admitted.

14.      Denied as to Finest.  To the extent the allegations in this paragraph are directed to parties other than Finest, Finest is without sufficient information to admit or deny the remaining allegations of paragraph 14 and therefore denies same.

15.     Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

16.     Finest admits that National Union issued the "2007 and 2008 Beta Policies." Finest is without sufficient information to admit or deny how the policies were procured and therefore denies same.  Finest denies the characterization of the policies as they are documents that speaks for themselves.

17.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

18.     Finest is without sufficient information to admit or deny when National Union received notice and therefore denies these allegations.

19.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

20.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

21.     Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

22.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

23.     Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

24.    Finest denies the characterization of the documents filed in the Louisiana action as they speak for themselves.

25.    Finest denies the characterization of the documents filed in the Louisiana action as they speak for themselves. Finest admits that National Union has stipulated to personal jurisdiction in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791.

26.    Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

27.    Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

28.    Finest is incorporated in Florida with its principal place of business in Florida. Finest does not conduct business in Louisiana. To the extent the allegations in this paragraph are directed to parties other than Finest, Finest is without sufficient information to admit or deny the remaining allegations of paragraph 28 and therefore denies same. Finest denies the characterization of the Louisiana Secretary of State's Corporations Database and the Louisiana State Licensing Board for Contractors records as they are records that speak for themselves.

29.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

30.    Finest denies the characterization of the documents filed in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.*, C.A. No. 09-7791 as they are documents that speak for themselves.

31.    Finest is without sufficient information to admit or deny what information National Union is "aware" of. Finest is without sufficient information to admit or deny the

remaining allegations in this paragraph and therefore denies same.  Furthermore, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

### B.  The Defective Drywall Claims

32.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

33.     Finest denies the characterization of the Complaint and the Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

34.     Finest is without sufficient information to admit or deny the allegations in this paragraph, especially given the ambiguity of what Plaintiffs mean by "complaints" and therefore denies same.

35.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

36.     Finest denies the characterization of the Complaint and the First Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co. et al.,* C.A. No. 09-7791 as they are documents that speak for themselves.

37.     Finest is without sufficient information to admit or deny the allegations in this paragraph and therefore denies same.

### C.  Drywall Studies

38.     Finest denies the characterization of the drywall studies as the studies speak for themselves.

39.     Finest denies the characterization of the drywall studies as the studies speak for themselves.

40.     Finest denies the characterization of the drywall studies as the studies speak for themselves.

**D. The Policies**

41.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

42.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

43.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

44.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

45.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

46.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

47.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

48.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

49.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

50.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

51.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

52.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

53.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

54.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

55.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

56.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

57.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

58.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

59.    The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

60.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.


## COUNT I
## FOR A DECLARATION THAT NATIONAL UNION AND CIIC HAVE NO DUTY TO DEFEND OR INDEMNIFY PATE AS TRUSTEE OF THE WCI CHINESE DRYWALL TRUST

61.     Finest repeats and incorporates by reference its answers to Paragraphs 1 to 60 as if they were set forth herein.

62.     The allegations in this paragraph are not directed to Finest.   Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

63.     Denied.

64.     The allegations in this paragraph are not directed to Finest.   Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

65.     Denied.


## COUNT II
## FOR A DECLARATION THAT NATIONAL UNION HAS NO DUTY TO DEFEND OR INDEMNIFY BETA

66.     Finest repeats and incorporates by reference its answers to Paragraphs 1 to 60 as if they were set forth herein

67.     The allegations in this paragraph are not directed to Finest.   Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

68.     Denied.

69.     The allegations in this paragraph are not directed to Finest.    Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

70.     The allegations in this paragraph are not directed to Finest.    Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

## COUNT III
## FOR A DECLARATION THAT NATIONAL UNION HAS NO DUTY TO DEFEND OR INDEMNIFY FINEST

71.     Finest repeats and incorporates by reference its answers to Paragraphs 1 to 60 as if they were set forth herein.

72.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

73.     Denied.

74.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

75.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

## COUNT IV
## FOR A DECLARATION THAT CIIC HAVE NO DUTY TO DEFEND OR INDEMNIFY FINEST

76.     Finest repeats and incorporates by reference its answers to Paragraphs 1 to 60 as if they were set forth herein.

77.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

78.     Denied.

79.     The allegations in this paragraph are not directed to Finest. Further, the allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

80.     The allegations in this paragraph state a legal conclusion, and to the extent a response is called for, Finest denies these allegations.

## PRAYER FOR RELIEF

1.      Finest denies that National Union and CIIC are entitled to the relief they request.

2.      Finest denies that National Union and CIIC are entitled to the relief they request.

3.      The relief requested in this paragraph is not directed to Finest.

4.      Finest denies that National Union and CIIC are entitled to the relief they request.

5.      Finest denies that National Union and CIIC are entitled to the relief they request.

6.      Finest denies that National Union and CIIC are entitled to the relief they request.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred by the doctrine of estoppels.

2.      Plaintiffs, by their conduct, have waived their right to assert the claims.

3.      Plaintiffs' claims are barred by the doctrine of unclean hands.

4.      Plaintiffs' claims are barred by their breach of their duty of good faith and fair dealing.

5.      Plaintiffs fail to state a claim upon which relief may be granted.

6.      Venue is improper in this district.

7.      The Court lacks personal jurisdiction over Finest

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November  10 , 2010, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following: Cindy L. Ebenfeld, Esq., 11011 Sheridan Street, Suite 104, Cooper City,

Florida 33026.

LAW OFFICE OF ALEXIS GONZALEZ, P.A.
9755 SW 40th Terrace
Miami, FL 33165
Telephone: 305-223-9999
Facsimile: 305-223-1880


_____/s/_____
Albert E. Acuna
Florida Bar No. 545791
E-mail: albert@aglawpa.com