## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and COMMERCE AND INDUSTRY INSURANCE COMPANY | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 8:10-cv-01541-RAL-TBM |
| v. | ) ) |
| BETA CONSTRUCTION LLC f/k/a BETA DRYWALL LLC; FINEST DRYWALL, INC.; and ROBERT C. PATE, as Trustee for the WCI Chinese Drywall Trust; | ) ) ) ) |
| Defendants. | ) ) ) |

### CIIC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT PATE'S COUNTERCLAIMS

Plaintiff, Commerce and Industry Insurance Company ("CIIC") responds to the

Counterclaims of Defendant Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust

("Pate") as follows:

### CIIC'S ANSWER TO PATE'S COUNTERCLAIMS

#### PARTIES

1.      CIIC admits the allegations in Paragraph 1.

2.      CIIC admits the allegations in Paragraph 2.

3.      CIIC admits the allegations in Paragraph 3.

#### JURISDICTION

4.      CIIC admits the allegations in Paragraph 4.

1

## FACTS

5.      CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 5.

6.      CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 6.

### The Underlying Claims

7.      CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 7.

8.      CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 8.

9.      CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 9.

### The WCI Chinese Drywall Trust

10.      The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

11.      The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 11 to the extent they differ from the content of the Second Amended Joint Chapter 11 Plan of Reorganization filed by WCI Debtors (the "Plan").

12.      The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 12 to the extent they differ from the filings in the bankruptcy court.

13.      The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 13 to the extent they differ from the filings in the bankruptcy court.

14.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

15.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, CIIC denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

16.     CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 16.

The Insurance Policies

17.     CIIC denies the allegations in paragraph 17 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 17 as they relate to National Union.

18.     CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 18.

19.     CIIC lacks knowledge sufficient to admit or deny the allegations in Paragraph 19.

20.     CIIC admits that it issued policy number BE 012779651 to Finest Drywall Inc. as the named insured.

21.     CIIC denies the allegations in paragraph 21 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 21 as they relate to National Union.

Notice and Failure to Provide Coverage

22.     CIIC denies the allegations in paragraph 22 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 22 as they relate to National Union.

3

23.     CIIC denies the allegations in paragraph 23 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 23 as they relate to National Union.

24.     CIIC denies the allegations in paragraph 24 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 24 as they relate to National Union.

## COUNT I
## DECLARATORY JUDGMENT

25.     CIIC incorporates its responses to Paragraphs 1 through 24 as if specifically set forth herein.

26.     CIIC denies the allegations in paragraph 26 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 26 as they relate to National Union.

27.     CIIC denies the allegations in paragraph 27 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 27 as they relate to National Union.

28.     CIIC denies the allegations in paragraph 28 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 28 as they relate to National Union.

29.     CIIC denies the allegations in paragraph 29 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 29 as they relate to National Union.

## COUNT II
## BREACH OF CONTRACT

30.     CIIC incorporates its responses to Paragraphs 1 through 29 as if specifically set forth herein.

31.     CIIC denies the allegations in paragraph 31 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 31 as they relate to National Union.

32.     CIIC denies the allegations in paragraph 32 directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 32 as they relate to National Union.

## DEMAND FOR JURY TRIAL

33.     The allegation in Paragraph 33 does not require a response.

## PRAYER FOR RELIEF

34.     CIIC denies the allegations in paragraph 34, inclusive of subparagraphs A. through G, directed at CIIC.  CIIC lacks knowledge sufficient to admit or deny the allegations in paragraph 34 as they relate to National Union.

## CIIC'S AFFIRMATIVE DEFENSES
## TO PATE'S COUNTERCLAIMS

For its affirmative defenses to Pate's Counterclaims, CIIC states as follows:

### First Affirmative Defense

Pate's Counterclaims are barred due to Pate's failure to satisfy the terms and conditions of policy number BE 012779651 issued to Finest Drywall Inc. as the named insured (the "2008 Finest Policy").

### Second Affirmative Defense

Pate is not entitled to any coverage until all applicable underlying limits or self-insured retentions are exhausted by payment of loss or claims to which the 2008 Finest Policy applies. Payment of defense costs do not erode the underlying limits or self-insured retentions.

### Third Affirmative Defense

Pate is not entitled to any relief because the coverage for "bodily injury" and "property damage," if any, associated with defective drywall, arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," as that term is defined in the 2008 Finest Policy.

### Fourth Affirmative Defense

Pate is not entitled to relief to the extent the WCI Chinese Drywall Trust fails to qualify as an insured under the 2008 Finest Policy.

### Fifth Affirmative Defense

Pate is not entitled to recovery for sums that do not constitute "damages" as defined in the 2008 Finest Policy.

**Sixth Affirmative Defense**

Pate is not entitled to recovery for damages that do not constitute "bodily injury" or "property damage," as those terms are defined in the 2008 Finest Policy.

**Seventh Affirmative Defense**

Pate is not entitled to recovery for claims for injuries due to "bodily injury" or "property damage" associated with defective drywall that is not the result of an "occurrence" as those terms are defined in the 2008 Finest Policy.

**Eighth Affirmative Defense**

Pate is not entitled to recovery for claims for injuries arising out of "property damage" or "bodily injury" as those terms are defined in the 2008 Finest Policy that did not take place during the policy period.

**Ninth Affirmative Defense**

Pate is not entitled to recovery for claims to the extent that continuing or progressive "bodily injury" or "property damage" associated with the defective drywall, if any, first commenced prior to the inception date of the 2008 Finest Policy.

**Tenth Affirmative Defense**

Pate is not entitled to recovery for "bodily injury" or "property damage," if any, for which Pate is obligated to pay damages associated with defective drywall by reason of the assumption of liability in a contract or agreement.

**Eleventh Affirmative Defense**

Pate is not entitled to recovery for "property damage," if any, to property Pate owns, rents, or occupies.

### Twelfth Affirmative Defense

Pate is not entitled to recovery to the extent that the insured expected or intended to cause the alleged "property damage" or "bodily injury," if any.

### Thirteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, to an insured's product, associated with defective drywall.

### Fourteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, associated with defective drywall to an insured's work that is included in the "products completed operations hazard," as defined in the 2008 Finest Policy.

### Fifteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, to "impaired property" as those terms are defined in the 2008 Finest Policy, or to property that has not been physically injured, associated with defective drywall, arising out of a defect in an insured's product or work, or arising out of a delay or failure by an insured or anyone acting on an insured's behalf to perform a contract or agreement in accordance with its terms.

### Sixteenth Affirmative Defense

Pate is not entitled to recovery for "Property Damage to property being installed, erected or worked upon by the Insured or by any agents or subcontractors of the Insured."

### Seventeenth Affirmative Defense

Pate is not entitled to recovery to the extent Pate failed to comply with the notice conditions in the 2008 Finest Policy.

CIIC reserves the right to raise additional affirmative defenses based on the 2008 Finest Policy or otherwise.

Dated: November 26, 2010                    Respectfully submitted,

                                             /s/ Sara U. Gattie

                                            Joseph A. Hinkhouse
                                            Sara Uffelman Gattie
                                            Jocelyn Jopa
                                            HINKHOUSE WILLIAMS WALSH
                                            180 North Stetson Street, Suite 3400
                                            Chicago, Illinois  60601
                                            Phone:  (312) 784-5454
                                            Fax:  (312) 784-5494
                                            E-mail:   jhinkhouse@hww-law.com
                                                      sgattie@hww-law.com
                                                      jjopa@hww-law.com

                                            *Counsel for Commerce & Industry Insurance Company*

                                            Cindy L. Ebenfeld, Esq.
                                            Fla. Bar No. 980579
                                            Hicks, Porter, Ebenfeld & Stein, P.A.
                                            11011 Sheridan Street, Suite 104
                                            Cooper City, FL  33026
                                            Tel:     954-624-8700
                                            Fax:     954-624-8064
                                            cebenfeld@mhickslaw.com

                                            *Co-Counsel for Commerce & Industry Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2010, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served on the following counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF, this 26th day of November, 2010:

| | |
|---|---|
| Robert M. Horkovich, Esq.<br>Anna M. Piazza, Esq.<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel:    212-278-1000<br>Fax:    212-278-1733<br>rhorkovich@andersonkill.com<br>apiazza@andersonkill.com<br>*Attorneys for Defendant Robert C. Pate,*<br>*As Trustee for the WCI Chinese Drywall Trust* | Alexis Gonzalez, Esq.<br>Albert E. Acuna, Esq.<br>Law Offices of Alexis Gonzalez, P.A.<br>9755 SW 40th Terrace<br>Miami, FL 33165<br>Tel:    305-223-9999<br>Fax:    305-223-1880<br>alexis@aglawpa.com<br>albert@aglawpa.com<br>*Attorneys for Defendant Finest Drywall, Inc.* |
| Michael J. Ryan, Esq.<br>Krupnick Campbell Malone Buser Slama<br>Hancock Liberman and McKee, P.A.<br>12 SE 7th Street, Suite 801<br>Ft. Lauderdale, FL 33301<br>Tel: 954-763-8181<br>Fax: 954-763-8292<br>mryan@krupnicklaw.com<br>*Local Counsel for Defendant Robert C. Pate,*<br>*As Trustee for the WCI Chinese Drywall Trust* | Via Certified Mail Return Receipt Requested:<br>Beta Construction LLC<br>c/o Stephen Feldman<br>5 Soundview Lane<br>Great Neck, NY 11024<br>And<br>Beta Construction LLC<br>c/o UPS Store Box<br>6586 Hypoluxo Road<br>Lake Worth, FL |

_____
/s/ Sara U. Gattie, Esq.