# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and COMMERCE AND INDUSTRY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>BETA CONSTRUCTION LLC f/k/a BETA DRYWALL LLC; FINEST DRYWALL, INC.; and ROBERT C. PATE, as Trustee for the WCI Chinese Drywall Trust;<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 8:10-cv-01541-RAL-TBM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NATIONAL UNION'S ANSWER AND AFFIRMATIVE DEFENSES TO PATE'S COUNTERCLAIMS

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"),

responds to the Counterclaims of Defendant Robert C. Pate, as Trustee for the WCI Chinese

Drywall Trust ("Pate") as follows:

## NATIONAL UNION'S ANSWER TO PATE'S COUNTERCLAIMS

### PARTIES

1.      National Union admits the allegations in Paragraph 1.

2.      National Union admits the allegations in Paragraph 2.

3.      National Union admits the allegations in Paragraph 3.

### JURISDICTION

4.      National Union admits the allegations in Paragraph 4.

1

<u>FACTS</u>

5.      National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 5.

6.      National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 6.

The Underlying Claims

7.      National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 7.

8.      National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 8.

9.      National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 9.

The WCI Chinese Drywall Trust

10.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

11.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 11 to the extent they differ from the content of the Second Amended Joint Chapter 11 Plan of Reorganization filed by WCI Debtors (the "Plan").

12.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 12 to the extent they differ from the filings in the bankruptcy court.

2

13.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 13 to the extent they differ from the filings in the bankruptcy court.

14.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

15.     The WCI Debtors' bankruptcy filings are a matter of public record and speak for themselves.  To the extent an answer is required, National Union denies the allegations in Paragraph 10 to the extent they differ from the filings in the bankruptcy court.

16.     National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 16.

The Insurance Policies

17.     National Union denies the allegations in Paragraph 17 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 17 as they relate to CIIC.

18.     National Union admits that it issued policy number BE6564380, for policy period 2/28/06-2/28/07, and policy number BE 6564484, for policy period 2/28/07-2/28/08, to Beta Drywall LLC as the named insured.

19.     National Union admits that it issued policy number BE5346464, for policy period 9/15/07-9/15/08, to Finest Drywall Inc. as the named insured.

20.     National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 20.

21.    National Union denies the allegations in Paragraph 21 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 21 as they relate to CIIC.

Notice and Failure to Provide Coverage

22.    National Union denies the allegations in Paragraph 22 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 22 as they relate to CIIC.

23.    National Union denies the allegations in Paragraph 23 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 23 as they relate to CIIC.

24.    National Union denies the allegations in Paragraph 24 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 24 as they relate to CIIC.

**COUNT I**
**DECLARATORY JUDGMENT**

25.    National Union incorporates its responses to Paragraphs 1 through 24 as if specifically set forth herein.

26.    National Union denies the allegations in Paragraph 26 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 26 as they relate to CIIC.

27.    National Union denies the allegations in Paragraph 27 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 27 as they relate to CIIC.

28.     National Union denies the allegations in Paragraph 28 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 28 as they relate to CIIC.

29.     National Union denies the allegations in Paragraph 29 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 29 as they relate to CIIC.

## COUNT II
## BREACH OF CONTRACT

30.     National Union incorporates its responses to Paragraphs 1 through 29 as if specifically set forth herein.

31.     National Union denies the allegations in Paragraph 31 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 31 as they relate to CIIC.

32.     National Union denies the allegations in Paragraph 32 directed at National Union. National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 32 as they relate to CIIC.

## DEMAND FOR JURY TRIAL

33.     The allegation in Paragraph 33 does not require a response.

## PRAYER FOR RELIEF

34.     National Union denies the allegations in paragraph 34, inclusive of subparagraphs A. through G, directed at National Union.  National Union lacks knowledge sufficient to admit or deny the allegations in Paragraph 34 as they relate to CIIC.

## NATIONAL UNION'S AFFIRMATIVE DEFENSES
## TO PATE'S COUNTERCLAIMS

For its affirmative defenses to Pate's Counterclaims, National Union states as follows:

### First Affirmative Defense

Pate's Counterclaims are barred due to Pate's failure to satisfy the terms and conditions of policy numbers BE6564380 and BE 6564484, issued to Beta Drywall LLC as the named insured, and policy number BE 5346464, issued to Finest Drywall Inc. as the named insured (the "Subject Policies").

### Second Affirmative Defense

Pate is not entitled to any coverage until all applicable underlying limits or self-insured retentions are exhausted by payment of loss or claims to which the Subject Policies apply. Payment of defense costs do not erode the underlying limits or self-insured retentions.

### Third Affirmative Defense

Pate is not entitled to any relief because the coverage for "bodily injury" and "property damage," if any, associated with defective drywall, arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," as that term is defined in the Subject Policies.

### Fourth Affirmative Defense

Pate is not entitled to relief to the extent the WCI Chinese Drywall Trust fails to qualify as an insured under the Subject Policies.

### Fifth Affirmative Defense

Pate is not entitled to recovery for sums that do not constitute "damages" as defined in the Subject Policies.

**Sixth Affirmative Defense**

Pate is not entitled to recovery for damages that do not constitute "bodily injury" or "property damage," as those terms are defined in the Subject Policies.

**Seventh Affirmative Defense**

Pate is not entitled to recovery for claims for injuries due to "bodily injury" or "property damage" associated with defective drywall that is not the result of an "occurrence" as those terms are defined in the Subject Policies.

**Eighth Affirmative Defense**

Pate is not entitled to recovery for claims for injuries arising out of "property damage" or "bodily injury" as those terms are defined in the Subject Policies that did not take place during the respective policy periods.

**Ninth Affirmative Defense**

Pate is not entitled to recovery for claims to the extent that continuing or progressive "bodily injury" or "property damage" associated with the defective drywall, if any, first commenced prior to the inception date of the respective Subject Policies.

**Tenth Affirmative Defense**

Pate is not entitled to recovery for "bodily injury" or "property damage," if any, for which Pate is obligated to pay damages associated with defective drywall by reason of the assumption of liability in a contract or agreement.

**Eleventh Affirmative Defense**

Pate is not entitled to recovery for "property damage," if any, to property Pate owns, rents, or occupies.

### Twelfth Affirmative Defense

Pate is not entitled to recovery to the extent that the insured expected or intended to cause the alleged "property damage" or "bodily injury," if any.

### Thirteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, to an insured's product, associated with defective drywall.

### Fourteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, associated with defective drywall to an insured's work that is included in the "products completed operations hazard," as defined in the Subject Policies.

### Fifteenth Affirmative Defense

Pate is not entitled to recovery for "property damage," if any, to "impaired property" as those terms are defined in the Subject Policies, or to property that has not been physically injured, associated with defective drywall, arising out of a defect in an insured's product or work, or arising out of a delay or failure by an insured or anyone acting on an insured's behalf to perform a contract or agreement in accordance with its terms.

### Sixteenth Affirmative Defense

Pate is not entitled to recovery for "Property Damage to property being installed, erected or worked upon by the Insured or by any agents or subcontractors of the Insured."

### Seventeenth Affirmative Defense

Pate is not entitled to recovery under policy number BE 5346464, issued to Finest Drywall Inc. as the named insured, to the extent liability arises out of "construction operations," as that term is defined in the policy.

**Eighteenth Affirmative Defense**

Pate is not entitled to recovery under policy number BE 5346464, issued to Finest

Drywall Inc. as the named insured, unless such coverage is provided by the applicable

underlying insurance.

**Nineteenth Affirmative Defense**

Pate is not entitled to recovery to the extent Pate failed to comply with the notice

conditions in the subject policies.

National Union reserves the right to raise additional affirmative defenses based on the

Subject Policies or otherwise.


Dated: November 26, 2010                    Respectfully submitted,

                                            \_\_/s/ Sara U. Gattie_____

                                            Joseph A. Hinkhouse
                                            Sara Uffelman Gattie
                                            Jocelyn Jopa
                                            HINKHOUSE WILLIAMS WALSH
                                            180 North Stetson Street, Suite 3400
                                            Chicago, Illinois  60601
                                            Phone:  (312) 784-5454
                                            Fax:  (312) 784-5494
                                            E-mail:   jhinkhouse@hww-law.com
                                                        sgattie@hww-law.com
                                                        jjopa@hww-law.com

                                            *Counsel for National Union Fire Insurance*
                                            *Company of Pittsburgh, Pa.*

Cindy L. Ebenfeld, Esq.
Fla. Bar No. 980579
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL  33026
Tel:     954-624-8700
Fax:     954-624-8064
cebenfeld@mhickslaw.com

*Co-Counsel for National Union Fire Insurance
Company of Pittsburgh, Pa.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2010, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served on the following counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF, this 26th day of November, 2010:

| | |
|---|---|
| Robert M. Horkovich, Esq.<br>Anna M. Piazza, Esq.<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel:    212-278-1000<br>Fax:    212-278-1733<br>rhorkovich@andersonkill.com<br>apiazza@andersonkill.com<br>*Attorneys for Defendant Robert C. Pate,*<br>*As Trustee for the WCI Chinese Drywall Trust* | Alexis Gonzalez, Esq.<br>Albert E. Acuna, Esq.<br>Law Offices of Alexis Gonzalez, P.A.<br>9755 SW 40th Terrace<br>Miami, FL 33165<br>Tel:    305-223-9999<br>Fax:    305-223-1880<br>alexis@aglawpa.com<br>albert@aglawpa.com<br>*Attorneys for Defendant Finest Drywall, Inc.* |
| Michael J. Ryan, Esq.<br>Krupnick Campbell Malone Buser Slama<br>Hancock Liberman and McKee, P.A.<br>12 SE 7th Street, Suite 801<br>Ft. Lauderdale, FL 33301<br>Tel: 954-763-8181<br>Fax: 954-763-8292<br>mryan@krupnicklaw.com<br>*Local Counsel for Defendant Robert C. Pate,*<br>*As Trustee for the WCI Chinese Drywall Trust* | Via Certified Mail Return Receipt Requested:<br>Beta Construction LLC<br>c/o Stephen Feldman<br>5 Soundview Lane<br>Great Neck, NY 11024<br>And<br>Beta Construction LLC<br>c/o UPS Store Box<br>6586 Hypoluxo Road<br>Lake Worth, FL |

_____
/s/ Sara U. Gattie, Esq.

11