UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and COMMERCE AND INDUSTRY INSURANCE COMPANY,<br><br>               Plaintiffs,<br><br>v.<br><br>BETA CONSTRUCTION LLC f/k/a BETA DRYWALL LLC; FINEST DRYWALL, INC.; and ROBERT C. PATE, as Trustee for the WCI Chinese Drywall Trust,<br><br>               Defendants. | CASE NO.: 8:10-cv-01541-RAL-TBM |

**AFFIDAVIT OF ANNA M. PIAZZA, ESQ. IN SUPPORT OF
DEFENDANT ROBERT C. PATE'S MOTION TO DISMISS OR CONTINUE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56(d)**

STATE OF NEW YORK   )
                                 ) ss:
COUNTY OF NEW YORK )

        ANNA M. PIAZZA, an attorney duly admitted to practice before the courts of New York, Massachusetts, and Rhode Island, and admitted *pro hac vice* in this case to practice before the United States District Court for the Middle District of Florida, affirms the following to be true under penalties of perjury:

        1.     I am an attorney at the law firm of Anderson Kill & Olick, P.C., and co-counsel for Defendant Robert C. Pate ("Pate"), as Trustee for the Chinese Drywall Trust (the "Trust"), in this action. I am fully familiar with the facts and circumstances of this matter and make this affidavit in support of Pate's motion pursuant to Fed. R. Civ. P. 56(d).

2. On July 13, 2010, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Commerce and Industry Insurance Company ("CIIC") (collectively, "Plaintiffs"), filed a complaint for declaratory judgment against Beta Construction LLC f/k/a Beta Drywall LLC ("Beta"), Finest Drywall, Inc. ("Finest"), and Pate (collectively, "Defendants").

3. On October 6, 2010, the Court issued a Case Management and Scheduling Order, stating that the deadline for completing discovery in this action is March 13, 2012, and the deadline for the parties to file dispositive motions is April 13, 2012. A copy of the Case Management and Scheduling Order is attached hereto as *Exhibit A*.

4. On July 15, 2011, Plaintiffs filed a motion for summary judgment against Defendants. Plaintiffs' motion assumes that Florida substantive law applies to claims for coverage under insurance policies sold by the Plaintiffs, for damages allegedly resulting from defective Chinese drywall. Plaintiffs further assert that, under Florida law, the pollution exclusions in the subject insurance policies preclude coverage.

5. At the time Plaintiffs filed their motion for summary judgment, no discovery had been conducted by the parties.

6. On July 23, 2011, Pate served on Plaintiffs his first set of interrogatories and his first request for the production of documents. Copies of Pate's first set of interrogatories and first request for the production of documents are attached hereto as *Exhibit B*.

7. On July 27, 2011, Pate served on Plaintiffs a second set of interrogatories. A copy of Pate's second set of interrogatories is attached hereto as *Exhibit C*.

8. Significant factual development remains in this matter, including but not limited to, issues relating to which state's law applies to this action under Florida's choice of law doctrine, *lex loci contractus*. Accordingly, Pate's pending interrogatories and document requests are calculated to discover facts relating to, *inter alia*, the following matters:

> (a) Where and by whom the subject insurance binders were delivered;
>
> (b) Where and by whom the subject insurance policies were negotiated, drafted, and signed;
>
> (c) Where and by whom the subject insurance policies were countersigned;
>
> (d) Where and when the relevant parties considered the subject insurance policies to be executed; and
>
> (e) Where the Plaintiffs received insurance premiums for the subject insurance policies.

9. Discovery concerning the insurance policies' pollution exclusions is also necessary to determine, *inter alia*, whether the exclusions are enforceable in this case.

10. Additionally, Pate intends to depose relevant individuals, including brokers and underwriters, identified in Plaintiffs' anticipated discovery responses.

11. The attorneys for National Union and CIIC in this case also represent Lexington Insurance Company ("Lexington") and Chartis Specialty Insurance

Company ("Chartis") in *Pate v. Am. Int'l Specialty Lines Ins. Co.*, C.A. No. 09-7791 (E.D. La.) (the "Pate Action").[1] National Union is a party to the Pate Action, and insurance policies at issue in this action are also at issue in the Pate Action.

12. On August 1, 2011, Lexington and Chartis served WCI Communities, Inc. with a subpoena duces tecum relating to choice of law issues.[2] Accordingly, upon information and belief, Plaintiffs – as well as Pate – recognize the need for discovery on issues such as choice of law. A copy of Lexington's and Chartis' subpoena duces tecum is attached hereto as *Exhibit D*.

13. No discovery responses have been served or become due.

14. Accordingly, Pate yet has not had an opportunity to conduct discovery necessary to develop fully the various factual issues associated with Plaintiffs' motion for summary judgment.

15. Contemporaneous with the filing of this affidavit, Pate filed an opposition to Plaintiffs' motion for summary judgment which explains in further detail why discovery is necessary to respond to Plaintiffs' motion for summary judgment.

---

[1] The Pate Action forms part of *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047.

[2] In the Pate Action, Pate seeks insurance recovery on behalf of the WCI Chinese Drywall Trust (the "Trust"). The liability or losses for Chinese drywall claims asserted against WCI Communities, Inc. and a number of its subsidiaries, who filed for bankruptcy, were channeled into the Trust.

FURTHER AFFIANT SAYETH NOT

*Anna M. Piazza* (signature)
Anna M. Piazza

Sworn to before me this
5th day of August, 2011

*Carmen Zayas-Cedeno* (signature)
Notary Public

Carmen Zayas-Cedeno
Notary Public, State of New York
No. 01ZA6093079
Qualified in Dutchess County
Commission Expires on May 27, 2015