# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY
INSURANCE COMPANY,

                              Plaintiffs,

- v-                                                    CASE NO.:  8:10-cv-01541-RAL-TBM

BETA CONSTRUCTION LLC f/k/a BETA
DRYWALL LCC; FINEST DRYWALL,
INC.; and ROBERT C. PATE, as Trustee
for the WCI Chinese Drywall Trust,

                              Defendants.

### DEFENDANT ROBERT C. PATE'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Robert

C. Pate ("Pate"), as Trustee for the WCI Chinese Drywall Trust (the "Trust"), hereby

requests that Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA

("National Union") and Commerce and Industry Insurance Company ("CIIC")

(collectively, "Plaintiffs") answer the following interrogatories within 30 days from service

of these interrogatories.

### DEFINITIONS

The following definitions apply to all interrogatories set forth below unless

otherwise indicated:

1.    "Plaintiffs" or "You" shall mean National Union and CIIC, the

plaintiffs in the above-captioned lawsuit, including their parent company(ies), affiliated

companies and subsidiaries, and any Person acting on their behalf.

NYDOCS1-971919.1

2.    "National Union" shall mean, National Union, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

3.    "CIIC" shall mean, CIIC, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

4.    "Pate" or "the Trust" shall mean Robert C. Pate, Trustee for the WCI Chinese Drywall Trust, defendant in the above-captioned lawsuit.

5.    "Beta" shall mean Beta Construction LLC f/k/a Beta Drywall LLC, defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

6.    "Finest" shall mean Finest Drywall, Inc., defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

7.    "Insurance Policies" shall mean the following:

| Insurance Company | Subcontractor | Policy Number | Policy Period |
|---|---|---|---|
| National Union | Beta Drywall LLC | BE 6564380 | 2/28/06-2/28/07 |
| National Union | Beta Construction LLC | BE 6564484 | 2/28/07-2/28/08 |
| National Union | Finest Drywall Inc. | BE 5346464 | 9/15/07-9/15/08 |
| CIIC | Finest Drywall | BE 012779651 | 9/15/08-9/15/09 |

8.    "Claim" shall mean claims under the Insurance Policies related to Chinese Drywall.

9.      "Complaint" shall mean the complaint filed in the above captioned action.

10.      "Underwriting Files" shall mean the collection of materials assembled, examined, or referred to by Plaintiffs, or any other party, in underwriting the Policies.

11.      "Claims File" shall mean the collection of materials assembled, examined, or referred to by the Plaintiffs, or any other party, in handling the Claims under the Policies.

12.      "Concern" and "Concerning" shall mean referring to, relating to, constituting, discussing, evidencing, or in any way relevant to.

13.      "Communication" shall mean, without limitation, any oral, written or electronic transmission of information, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

14.      "Document" is used in the broadest sense permissible under Federal Rule of Civil Procedure 34 and includes all information in written, recorded, graphic, or electronic form, including but not limited to writings, drawings, graphs, charts, photographs, tapes, recordings, e-mails, computer records, computer diaries, motion pictures, or videotapes.

15.      "Person" includes both the singular and plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization,

and any governmental entity or department, agency, bureau, or political subdivision thereof.

16.   "Describe" means to explain in detail.

17.   "State" means to express the particulars.

18.   "Identify" means:

    (a)    When used in reference to a natural Person, to state such Person's full name, the Person's current employer, and if employed by You, state the Person's current office location, department and position, and if the person is not currently employed by You, state the Person's present or last known residential address, present and last known business address, and present or former relationship (including present and past job titles) to any of the parties to this action.  If the Person was employed by You at the time relevant to the interrogatory, "Identify" also means to state the Person's office location, department, and position at the time relevant to the interrogatory.  If the Person was not employed by You at the time relevant to the interrogatory, "Identify" also means to state the Person's employer, position and the employer's office location at that time;

    (b)    When used in reference to a corporation, partnership or legal entity other than a natural Person, to state its full name, form of organization, and present or last known address or principal place of business;

    (c)    When used in reference to Documents or Communications, to state the type of Document or Communication, its date, its author(s), its addressees or recipients, its present location or custodian, and, if the Document or Communication is no longer in Your possession, custody or control, what disposition was made of it and the date of such disposition; and

    (d)    When used in reference to an act, occurrence, transaction, decision, or statement, to briefly summarize or describe the event(s) which constitute it, to state where and when it happened, and to Identify the Persons, Documents and Communications involved.

19.     Whenever the context in which words used in these interrogatories indicate or suggest that such is the intent, the word "any" includes "all" and "each" and the word "all" includes "any."

20.     "And" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

## INSTRUCTIONS

1.     Whenever in these interrogatories You are asked to identify a Person, You shall state such Person's full name, present or last known residence and business addresses and telephone numbers.

2.     When a business organization is required to be identified, please state its name and address and the name of each of its agents with respect to the matters referred to in the interrogatory.

3.     Where Documents or Communications are required to be identified, please state the type of Document or Communication, its date or approximate date, the author, Persons who received copies, the custodian and, if the Document or Communication is no longer in Your possession, whether it is missing, has been transferred or has been destroyed.

4.     These interrogatories shall be deemed continuing and, accordingly, must be supplemented to the extent Federal Rule of Civil Procedure 33 requires.

## INTERROGATORIES

## INTERROGATORY NO. 1

For each of the Insurance Policies, Identify the place where the Insurance Policy was:  (a) negotiated; (b) drafted; (c) signed; and (d) countersigned.

**INTERROGATORY NO. 2**

For each of the Insurance Policies, Identify the name and location of the: (a) insurance broker; (b) insurance agent; (c) underwriter; (d) each claims manager involved in handling Pate's/the Trust's, Beta's, and Finest's Claims under the Insurance Policies.

**INTERROGATORY NO. 3**

For each of the Insurance Policies, Identify the name and location of the Person who:  (a) negotiated; (b) drafted; (c) signed; (d) countersigned; and (e) determined the policy was complete and ready to be sent to the policyholder and/or the policyholder's broker.

**INTERROGATORY NO. 4**

For each of the Insurance Policies, Identify the location at which the Insurance Policy was delivered to the:  (a) broker and/or agent and (b) policyholder.

**INTERROGATORY NO. 5**

For each of the Insurance Policies, Identify the location from which the Insurance Policy was delivered to the:  (a) broker and/or agent and (b) policyholder.

**INTERROGATORY NO. 6**

For each of the Insurance Policies, Identify the location at which the Plaintiffs:  (a) received Claims under the Insurance Policies by Beta, Finest, or Pate/the Trust; (b) are assessing and handling Claims under the Insurance Policies by Beta, Finest, or Pate/the Trust; (c) received their first insurance premium; and (d) received subsequent insurance premiums.

**INTERROGATORY NO. 7**

For each of the Insurance Policies, Identify the location from which the Plaintiffs:  (a) received their first insurance premium; and (b) received subsequent insurance premiums.

**INTERROGATORY NO. 8**

For each binder associated with the Insurance Policies, Identify the place where the binder was:  (a) drafted; (b) signed; (c) delivered to an agent or broker; and (d) delivered to the policyholder.

**INTERROGATORY NO. 9**

       For each binder associated with the Insurance Policies, Identify the location, if any, from which the binder was delivered to the:  (a) broker and/or agent and (b) policyholder.

Dated:  July 23, 2011

                               ANDERSON KILL & OLICK, P.C.

                     By:  *Anna M. Piazza*

                               Robert M. Horkovich, Esq.
                               Anna M Piazza, Esq.
                               Anderson Kill & Olick, P.C.
                               1251 Avenue of the Americas
                               New York, New York 10020
                               Telephone: (212) 278-1000
                               Facsimile: (212) 278-1733
                               rhorkovich@andersonkill.com
                               apiazza@andersonkill.com

                               *Trial counsel for Defendant Robert C. Pate, as Trustee for the Chinese Drywall Trust*

                               Michael J. Ryan, Esq.
                               Krupnick Campbell Malone Buser
                                 Slama Hancock Liberman & McKee, PA
                               12 S.E. 7th Street, Suite 801
                               Ft. Lauderdale, FL  33301
                               T:  954-763-8181
                               F:  954-763-8292
                               mryan@krupnicklaw.com

                               *Local counsel for Defendant Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2011, a copy of the foregoing was served upon

counsel of record, as follows, by regular and electronic mail.

Alberto Emilio Acuna, Esq.
Albert E. Acuna, PA
782 NW 42nd Avenue, Suite 343
Miami, FL 33126
alexis@aglawpa.com

Joseph Hinkhouse, Esq.
Sara U. Gattie, Esq.
Jocelyn P. Jopa, Esq.
Hinkhouse Williams Walsh, LLP
180 N. Stetson Avenue, Suite 3400
Chicago, IL 60601
jhinkhouse@hww-law.com
sgattie@hww-law.com
jjopa@hww-law.com

Cindy Lea Ebenfeld, Esq.
Hicks, Porter, Ebenfeld & Stein, PA
11011 Sheridan Street, Suite 104
Hollywood, FL 33026
cebenfeld@mhickslaw.com

_Anna M. Piazza_
Anna M. Piazza

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY
INSURANCE COMPANY,

                    Plaintiffs,

- v-

BETA CONSTRUCTION LLC f/k/a BETA
DRYWALL LCC; FINEST DRYWALL,
INC.; and ROBERT C. PATE, as Trustee
for the WCI Chinese Drywall Trust,

                    Defendants.

CASE NO.:  8:10-cv-01541-RAL-TBM

## DEFENDANT ROBERT C. PATE'S
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

       Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Robert

C. Pate ("Pate"), as Trustee for the WCI Chinese Drywall Trust (the "Trust"), hereby

requests that Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA

("National Union") and Commerce and Industry Insurance Company ("CIIC")

(collectively, "Plaintiffs") produce the following documents for inspection and copying at

the office of Anderson Kill & Olick, P.C., 1251 Avenue of the Americas, New York, New

York 10020, or at such other location as may be agreed upon by the parties.  Plaintiffs'

responses are due 30 days from service of this request.

## DEFINITIONS

       The following definitions apply to all requests set forth below unless

otherwise indicated:

1.     "Plaintiffs" or "You" shall mean National Union and CIIC, the plaintiffs in the above-captioned lawsuit, including their parent company(ies), affiliated companies and subsidiaries, and any Person acting on their behalf.

2.     "National Union" shall mean, National Union, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

3.     "CIIC" shall mean, CIIC, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

4.     "Pate" or "the Trust" shall mean Robert C. Pate, Trustee for the WCI Chinese Drywall Trust, defendant in the above-captioned lawsuit.

5.     "Beta" shall mean Beta Construction LLC f/k/a Beta Drywall LLC, defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

6.     "Finest" shall mean Finest Drywall, Inc., defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

7.     "Insurance Policies" shall mean the following:

| Insurance Company | Subcontractor | Policy Number | Policy Period |
|---|---|---|---|
| National Union | Beta Drywall LLC | BE 6564380 | 2/28/06-2/28/07 |
| National Union | Beta Construction LLC | BE 6564484 | 2/28/07-2/28/08 |
| National Union | Finest Drywall Inc. | BE 5346464 | 9/15/07-9/15/08 |
| CIIC | Finest Drywall | BE 012779651 | 9/15/08-9/15/09 |

8.     "Claim" shall mean claims under the Insurance Policies related to Chinese Drywall.

9.     "Complaint" shall mean the complaint filed in the above captioned action.

10.     "Underwriting Files" shall mean the collection of materials assembled, examined, or referred to by Plaintiffs, or any other party, in underwriting the Policies.

11.     "Claims File" shall mean the collection of materials assembled, examined, or referred to by the Plaintiffs, or any other party, in handling the Claims under the Policies.

12.     "Concern" and "Concerning" shall mean referring to, relating to, constituting, discussing, evidencing, or in any way relevant to.

13.     "Communication" shall mean, without limitation, any oral, written or electronic transmission of information, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

14.     "Document" is used in the broadest sense permissible under Federal Rule of Civil Procedure 34 and includes all information in written, recorded, graphic, or electronic form, including but not limited to writings, drawings, graphs, charts, photographs, tapes, recordings, e-mails, computer records, computer diaries, motion pictures, or videotapes.

15.     "Person" includes both the singular and plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation,

partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

16.   Whenever the context in which words used in these requests indicate or suggest that such is the intent, the word "any" includes "all" and "each" and the word "all" includes "any."

17.   "And" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

## INSTRUCTIONS

1.   Plaintiffs are requested to produce all Documents known or available to You, wherever located, described below, regardless of whether the Documents are possessed directly by You, or by your agents, employees, representatives, or investigators, or by your present or former attorneys or their agents, employees, representatives or investigators, or by any other person or legal entity controlled by or in any other manner affiliated with You.

2.   These requests seek production of the requested Documents in their entirety, without abbreviation, redaction, modification or expurgation, including all attachments or other matters affixed thereto.

3.   Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of any handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such Document is within Your possession, custody or control.

4.      Each Document requested is to be produced in its original file folder, jacket, or cover, and the specific Person from whose files the Document is being produced is to be indicated.

5.      Documents shall be produced in an order corresponding to each paragraph of these requests and shall be identified with reference to the paragraph number to which it is produced or, in the alternative and where applicable, may be produced in the same order as they are maintained in the ordinary course of business.

6.      If a Document is withheld by reason of a claim of privilege or other purported ground of non-production, You shall submit, in lieu of each such Document, a written statement that:  (a) specifies the privilege claimed or other asserted ground of non-production; (b) identifies the type of document (e.g., letter, memorandum); (c) identifies the Person(s) who authored the Document and the Person(s) to whom the Document was sent or disclosed; (d) identifies every Person who has seen or had possession of the Document; (e) specifies the date(s) on which You prepared, received, and/or transmitted the Document; and (f) describes the subject matter and content of the Document sufficient to identify it.

7.      If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed, You shall submit a written statement that:  (a) describes in detail the nature of the Document and its contents; (b) identifies the Person(s) who authored the Document and the Person(s) to whom the Document was sent or disclosed; (c) specifies the date(s) on which the Document was lost or destroyed and, if the Document was destroyed, the circumstances of and reasons for the destruction and the Person(s) requesting and

performing the destruction; and (d) identifies all Persons with knowledge of any portion of the contents of the Document.

8.     If a Document is no longer in your possession for some other reason, identify its last known custodian, and the present location of the Document.

9.     Whenever the context in which words used in these requests indicates or suggests that such is the intent, words in the singular shall include the plural, and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

10.     Whenever the context in which words used in these requests indicates or suggests that such is the intent, the past tense includes the present tense and vice versa.

11.     These requests shall be deemed continuing and any responsive Documents obtained or located by you after the date of production pursuant hereto are to be produced forthwith, or, if not produced by reason of a claim of privilege or other purported ground of non-production, identified as specified above.

12.     Failure to provide the information in response to these requests will be deemed a waiver of Plaintiffs' right to produce such evidence at trial.  Pate will move to preclude the introduction of any evidence not produced in response to these requests.

## DOCUMENT REQUESTS

### REQUEST NO. 1

Copies of the Insurance Polices, and any drafts thereof.

### REQUEST NO. 2

Copies of the binders for the Insurance Policies, and any drafts thereof.

**REQUEST NO. 3**

The Underwriting Files for the Insurance Policies.

**REQUEST NO. 4**

The Claims Files for the Insurance Policies.

**REQUEST NO. 5**

Documents sufficient to identify the location at which the Insurance Policies were countersigned.

**REQUEST NO. 6**

Documents sufficient to identify the location at which the Insurance Policies were signed.

**REQUEST NO. 7**

Documents sufficient to identify the Person who countersigned the Insurance Policies.

**REQUEST NO. 8**

Documents sufficient to identify the Person who signed the Insurance Policies.

**REQUEST NO. 9**

Documents sufficient to identify the location at which the Insurance Policies were drafted.

**REQUEST NO. 10**

Documents sufficient to identify the location to which – and the date on which – the Insurance Policies were delivered to the broker or agent.

**REQUEST NO. 11**

Documents sufficient to identify the location to which – and the date on which – the Insurance Policies were delivered to the policyholder.

**REQUEST NO. 12**

Documents sufficient to identify the location from which the Insurance Policies were delivered to the broker, agent, and/or policyholder.

**REQUEST NO. 13**

Documents sufficient to identify the location(s) at which the Insurance Policies were negotiated.

**REQUEST NO. 14**

Documents sufficient to identify the underwriters for each of the Insurance Policies, including their names and addresses.

**REQUEST NO. 15**

Documents sufficient to identify the insurance brokers for each of the Insurance Policies, including their names and addresses.

**REQUEST NO. 16**

Documents sufficient to identify the insurance agents involved in the procurement of each of the Insurance Policies, including their names and addresses.

**REQUEST NO. 17**

All contracts or agreements between Plaintiffs and any broker or agent concerning the Insurance Policies.

**REQUEST NO. 18**

Documents concerning the negotiation of the Insurance Policies.

**REQUEST NO. 19**

Document concerning the sale of the Insurance Policies.

**REQUEST NO. 20**

Documents concerning the location of the risk the Insurance Policies insure.

**REQUEST NO. 21**

Communications concerning the Insurance Policies between You and any insurance broker, insurance agent, intermediary, underwriter, or other insurance companies, reinsurance companies, or insurance regulators.

**REQUEST NO. 22**

Insurance applications or questionnaires concerning the Insurance Policies.

**REQUEST NO. 23**

Documents concerning the drafting, preparation, issuance, and delivery of the Insurance Policies.

**REQUEST NO. 24**

Documents sufficient to identify Beta's and Finest's states of incorporation and principal places of business.

**REQUEST NO. 25**

Documents sufficient to identify the location(s) from which Plaintiffs are assessing and handling the Claims under the Insurance Policies.

**REQUEST NO. 26**

Documents sufficient to identify the location(s) at which Plaintiffs have received Claims under the Insurance Policies by Beta, Finest, and Pate/the Trust.

**REQUEST NO. 27**

Documents sufficient to identify Plaintiffs' states of incorporation and principal places of business.

**REQUEST NO. 28**

Documents sufficient to identify at which location Plaintiffs collected their first insurance premium under the Insurance Policies.

**REQUEST NO. 29**

Documents sufficient to identify at which location Plaintiffs collected insurance premiums under the Insurance Policies subsequent to the first premium.

**REQUEST NO. 30**

Documents sufficient to identify from which location Plaintiffs were sent their first insurance premium under the Insurance Policies.

**REQUEST NO. 31**

Documents sufficient to identify from which location Plaintiffs were sent insurance premiums under the Insurance Policies subsequent to the first premium.

**REQUEST NO. 32**

Documents sufficient to identify the Person who determined the Insurance Policies were complete and ready to be sent to the policyholder and/or the policyholder's broker.

**REQUEST NO. 33**

Documents sufficient to identify the location to which the binders for the Insurance Policies were delivered to the agent or broker.

**REQUEST NO. 34**

Documents sufficient to identify the location to which the binders for the Insurance Policies were delivered to the policyholder.

**REQUEST NO. 35**

Documents sufficient to identify the location at which the binders for the Insurance Policies were created.

**REQUEST NO. 36**

Documents sufficient to identify the location from which the binders were delivered to the agent, broker, and/or policyholder.

**REQUEST NO. 37**

Documents sufficient to identify the claims managers involved in handling Pate's/the Trust's, Beta's, and Finest's Claims under the Insurance Policies, including their names and locations.

**REQUEST NO. 38**

All filings by Plaintiffs with governmental authorities in Florida, New York, and Pennsylvania regarding the pollution exclusion for the period 2000 through the present.

**REQUEST NO. 39**

All filings by Plaintiffs with governmental authorities in Florida, New York, and Pennsylvania regarding pollution exclusion form number 90349 (1/06) AH1803 for the period 2000 through the present.

**REQUEST NO. 40**

All filings by Plaintiffs with governmental authorities in Florida, New York, and Pennsylvania regarding pollution exclusion form number 62221 (03/03) AH0272 for the period 2000 through the present.

**REQUEST NO. 41**

       Your claims manuals.

**REQUEST NO. 42**

       Documents sufficient to identify the location at which the binders for the Insurance Policies were signed.


Dated:  July 23, 2011

           ANDERSON KILL & OLICK, P.C.

           By: *Anna M. Piazza*
              Robert M. Horkovich, Esq.
              Anna M Piazza, Esq.
              Anderson Kill & Olick, P.C.
              1251 Avenue of the Americas
              New York, New York 10020
              Telephone: (212) 278-1000
              Facsimile: (212) 278-1733
              rhorkovich@andersonkill.com
              apiazza@andersonkill.com

              *Trial counsel for Defendant Robert C. Pate,*
              *as Trustee for the Chinese Drywall Trust*

              Michael J. Ryan, Esq.
              Krupnick Campbell Malone Buser
                Slama Hancock Liberman & McKee, PA
              12 S.E. 7th Street, Suite 801
              Ft. Lauderdale, FL  33301
              T:  954-763-8181
              F:  954-763-8292
              mryan@krupnicklaw.com

              *Local counsel for Defendant Robert C.*
              *Pate, as Trustee for the WCI Chinese*
              *Drywall Trust*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2011, a copy of the foregoing was served upon

counsel of record, as follows, by regular and electronic mail.

Alberto Emilio Acuna, Esq.
Albert E. Acuna, PA
782 NW 42nd Avenue, Suite 343
Miami, FL  33126
alexis@aglawpa.com

Joseph Hinkhouse, Esq.
Sara U. Gattie, Esq.
Jocelyn P. Jopa, Esq.
Hinkhouse Williams Walsh, LLP
180 N. Stetson Avenue, Suite 3400
Chicago, IL  60601
jhinkhouse@hww-law.com
sgattie@hww-law.com
jjopa@hww-law.com

Cindy Lea Ebenfeld, Esq.
Hicks, Porter, Ebenfeld & Stein, PA
11011 Sheridan Street, Suite 104
Hollywood, FL  33026
cebenfeld@mhickslaw.com

_Anna M. Piazza_
Anna M. Piazza