# EXHIBIT D



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| Robert C. Pate | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.   E.D.L.A. No. 09-7791 |
| v. | ) | |
| American Int'l Specialty Lines Ins. Co., et al. | ) | (If the action is pending in another district, state where: |
| | ) | Eastern District of Louisiana          ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  WCI Communities, Inc., c/o Vivien N. Hastings, 24301 Walden Center Drive Bonita Springs, FL 34134

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A to Subpoena Duces Tecum, attached hereto.

| Place: Hicks, Porter, Ebenfeld & Stein, P.A. 11011 Sheridan Street, #104, Cooper City, FL 33026 | Date and Time: <br><br> 08/31/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lexington Ins. Co. and Chartis Specialty Insurance Company_____ , who issues or requests this subpoena, are:

Cindy L. Ebenfeld, Esq., Hicks, Porter, Ebenfeld & Stein, P.A. 11011 Sheridan Street, #104, Cooper City, FL 33026 954-624-8700 cebenfeld@mhickslaw.com

## ATTACHMENT A TO SUBPOENA DUCES TECUM

### Definitions

1. "Chartis" refers to Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company.

2. "Chartis Policy" or "Chartis Policies" refers individually or collectively to the following umbrella general liability policies that Chartis issued to WCI Communities, Inc.: No. 7412158, effective May 1, 2006 to May 1, 2007 and No. 7412275, effective May 1, 2007 to May 1, 2008.

3. "Chinese Drywall" means the allegedly defective drywall installed in homes constructed or developed by or on behalf of WCI.

4. "Communication" means, without limitation, the exchange of thoughts, things, documents, messages or information by any means, oral, written, or electronic.

5. "Concern" or "concerning" means having to do with, relating or referring to, or connected or associated with.

6. "Development" or "Developments" refers individually and collectively to the following residential developments built by or on behalf of WCI:  Artesia, Bay Colony ,Coral Springs, Gateway, Hammock Bay, Heron Bay, Heron Preserve, Jupiter Yacht, Long Acres (VA), Old Palm, Parkland Golf & Country Club, Pelican Preserve, Sun City Center, Tarpon Bay, Tarpon Cove, Tiburon, Tidewater Preserve, Timber Ridge, Venetian Golf & River Club, Waterlefe, and Westshore Yacht Club.

7. "Document" means any tangible thing on which words, symbols, images or marks are recorded and any data or other information that can be retrieved, translated or read by means of a detection, electronic or other device.  Documents include, without limitation, all correspondence, email, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendars, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins (including, but not limited to, interoffice and intra-office communications), material safety data sheets, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, in-voices, statements, acknowledgements, bills, bills of lading, data processing cards, photographs, photographic negatives, phonograph recordings, transcripts or logs of recordings, all other data compilations from which information can be obtained or translated, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and original preliminary notes.  Documents also include the original and each copy that is not identical to the original for any reason, including, without limitation, drafts or subsequent revisions, notations, marginalia or other modifications.

8. "Lexington" refers to Lexington Insurance Company.

9. "Lexington Policy" or "Lexington Policies" refers individually or collectively to the following policies that Lexington Insurance Company issued to WCI: No. 0355453, effective May 1, 2006 to May 1, 2007 and No. 011060, effective May 1, 2007 to May 1, 2008.

10. "Lockton" refers to Lockton Companies, LLC.

11. "Person" means any natural person, sole proprietorship, corporation, partnership, limited partnership, limited liability company, association, group, organization, federal, state or local government or governmental entity and their parent entities, subsidiaries, affiliates, divisions, predecessors and successors in interest and present and former directors, officers, executives, partners, members, employees, agents or representatives.

12. "WCI" refers to WCI Communities, Inc. and each of its predecessors or successors in interest, and any present or former divisions, subsidiaries, trustees, directors, officers, members, partners, employees, brokers, agents, servants or representatives and all other persons acting on its behalf.

13. "WCI Homes" refers to the homes or condominium units identified in Exhibit 1 attached to this document.

14. "Willis" refers to Willis of Florida.

### Documents to be Produced

1.     All documents concerning the procurement, negotiation, drafting, terms, issuance and placement of each Chartis Policy and Lexington Policy.

2.     All documents concerning any communications between WCI, Willis, Lockton or any other person concerning the procurement, negotiation, drafting, terms, issuance and placement of each Chartis Policy and each Lexington Policy.

3.     All documents concerning any communications between any persons employed by or representing WCI concerning the procurement, negotiation, drafting, terms, issuance and placement of each Chartis Policy and each Lexington Policy.

4.     All documents concerning the renewal or extension of each Chartis Policy and each Lexington Policy.

5.     All documents concerning any communications between WCI, Willis, Lockton or any other person concerning the renewal or extension of each Chartis Policy and each Lexington Policy.

6.     All documents concerning the payment of premiums for each Chartis Policy and each Lexington Policy.

7.     All documents concerning the manner in which the premiums were paid for each Chartis and each Lexington Policy.

     8.    All documents concerning the delivery to WCI of each Chartis Policy and each Lexington Policy.

     9.    All documents WCI or any other person provided to Willis or Lockton concerning each Chartis Policy and each Lexington Policy.

     10.    All documents concerning each claim by any person against WCI arising out of Chinese Drywall.

     11.    All documents concerning any actual or alleged damage to property arising out of Chinese Drywall installed in any of the WCI Homes or any other home WCI constructed or developed.

     12.    All documents concerning when any damage to property allegedly arising out of Chinese Drywall installed in any of the WCI Homes or any other home WCI constructed or developed occurred.

     13.    All documents concerning any actual or alleged bodily injury suffered by any person arising out of Chinese Drywall installed in any of the WCI Homes or any other home WCI constructed or developed.

     14.    All documents concerning any effort to investigate or remediate any damage to property allegedly arising out of Chinese Drywall installed in any of the WCI Homes or any other home WCI constructed or developed.

     15.    All documents concerning any inspections or testing that any person has conducted concerning Chinese Drywall installed in any of the WCI Homes or any other home WCI constructed or developed.

     16.    For each Development, all documents TMI submitted to any state, county or local planning, zoning or similar authority, including, without limitation, site development plans.

     17.    For each Development, all documents concerning the creation of any homeowner association.

     18.    For each Development, all corporate documents concerning the entities primarily responsible for the planning and construction of the development, including, without limitation articles of incorporation, operating agreements, and joint venture agreements.

     19.    For each Development, any agreements with general contractors, drywall subcontractors and drywall suppliers.

     20.    All documents concerning the purchase and installation of Chinese Drywall in the WCI Homes and any other homes WCI constructed or developed, including when the drywall was installed and where it was installed.

21.    The construction plans, blueprints and schematics for each model or type of home included in the WCI Homes and any other homes constructed or developed by WCI in which Chinese Drywall was allegedly installed.

22.    All documents concerning who supplied the Chinese Drywall installed in each of the WCI Homes and any other homes constructed or developed by WCI, including when it was supplied, the quantity supplied and the manufacturer.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   E.D.L.A. No. 09-7791

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____

                                            *Server's signature*

                                     _____

                                            *Printed name and title*

                                     _____

                                            *Server's address*

Additional information regarding attempted service, etc: