**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO.: 8 :10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

       Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

       Defendants.

_____/

**MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT AND IN THE**
**ALTERNATIVE, RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

      Defendant FINEST DRYWALL, INC., by and through its undersigned counsel, hereby

files this Motion to Strike Plaintiff's Motion for Summary Judgment and in the Alternative,

Response to Motion for Summary Judgment in this cause pursuant to Fed.R.Civ.P. 56(d) and in

support thereof states:

      1.     On July 13, 2010, Plaintiffs National Union Fire Insurance Company of

Pittsburgh, P.A. ("National Union") and Commerce and Industry Insurance Company ("CIIC")

filed a multi-count Complaint ("Complaint") for declaratory judgment against FINEST

DRYWALL, INC. ("Finest"), ROBERT C. PATE, as Trustee for the WCI, ( "Pate"), and BETA

CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC, ( "Beta").  *See* D.E. 1.[1]

---

[1] "D.E." refers to docket entries in this case.

2.    In count III of the Complaint, Plaintiffs demand a declaration that Plaintiff National Union has no duty to defend or indemnify Finest with respect to claims arising from allegedly defective drywall installed and/or supplied by Finest.  *Id.*

3.    In count IV of the Complaint, Plaintiffs demand a declaration that Plaintiff CIIC has no duty to defend or indemnify Finest with respect to claims arising from allegedly defective drywall installed and/or supplied by Finest.  *Id*.

4.    Finest timely filed its Answer and Affirmative Defenses.

5.    On September 27, 2010, the parties conferred for the purpose of reaching an agreement regarding Case Management.  At that time, Plaintiffs stated unequivocally that they did not believe discovery was necessary in this case.  Plaintiffs outlined their position in the Case Management Report which was submitted to the Court on October 5, 2010.  *See* D.E. 32.

6.    On October 6, 2010, the Court entered the Case Management and Scheduling Order providing relevant deadlines for, among other things, discovery cut-off and the filing of dispositive motions.  *See* D.E. 33.

7.    Specifically, the Discovery Cut-Off is March 13, 2012 and the deadline for Dispositive Motion Filing is April 13, 2012.  D.E. 33.

8.    On July 15, 2011, Plaintiffs filed Plaintiffs' Motion for Summary Judgment and Supporting Memorandum of Law asking this Court to enter judgment against Defendants and to make a finding that Plaintiffs have no duty to indemnify Defendants with respect to any claims or damages arising from defective drywall claims.

9.    Plaintiffs' Motion for Summary Judgment is premature as the Case Management and Scheduling Order gives the parties until March 2012 to engage in discovery.

10.     Plaintiffs filed their Motion seven (7) months prior to the discovery cut off in order to prevent Defendants from completing discovery.

11.     Discovery is ongoing in this case.

12.     Defendant Pate propounded two sets of Interrogatories to Plaintiffs and a Request for Production of Documents.

13.     Defendant Finest propounded its First Set of Interrogatories to Plaintiffs. Interrogatories are attached hereto as Exhibit A.  Responses are not yet due and have not been received by Finest.  No other discovery requests have been filed, no requests have been completed, and no depositions have been taken in this case.

14.     The plain language of Fed.R.Civ.P.56 necessarily indicates that the Court will refer to "depositions, answers to interrogatories, and admissions on file" in order to make a determination regarding genuine issues of material fact.  Further, "summary judgment may only be decided upon an adequate record."  *Fernandez v. Bankers Nat. Life Ins. Co*., 906 F.2d 559, 570 (11th Cir.1990) (citing *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir.1988).

15.     Discovery is at an early stage and has not produced any of the discovery responses that are to be considered by the Court in a Motion for Summary Judgment or by Defendant(s) in opposition to the Motion for Summary Judgment.  There is no adequate record in this case.

16.     As a general rule, a Court should not enter summary judgment when the non-moving party has not completed discovery.  Finest is entitled to the opportunity to utilize the discovery process to access information and materials relevant to its defenses and necessary to justify opposition to the Motion for Summary Judgment.  *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

17.     The discovery sought is relevant to the issues presented in Plaintiffs' Motion for Summary Judgment.  *Id.*  Specifically, the interrogatories served by Finest are aimed at, among other things, obtaining information regarding underlying claims against Finest for installing defective drywall ("Underlying Claims").

18.     No underlying claims against Finest for damages arising out of the installation of defective drywall have been cited by Plaintiffs either in the Complaint or in their Motion for Summary Judgment.  *See* D.E. 1, 47.

19.     Plaintiffs have cited other litigation involving defective drywall including "The Payton Action," "The Pate Action," *Hernandez v. Knauf Gips KG, et al*, *Germano, et al. v. Taishan Gypsum Co., Ltd., et al*., and more generally, the Multi-District Litigation taking place in United States District Court for the Eastern District of Louisiana.  D.E. 47.  Finest is not a party to any of those actions.

20.     Moreover, most, if not all the cases that Plaintiffs rely on in their Motion for Summary Judgment involve declaratory actions where underlying claims have been made against insured.  *See inter alia*, *Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135 (Fla. 1998), *Gen. Fid. Ins. Co. v. Foster*, No. 9:09-cv-80743 (S.D.Fla. March 24, 2011), *Technical Coating Applicators, Inc., v. U.S. Fid. & Guar. Co.*, 157 F.3d 843 (11th Cir. 1998), *Rockhill Ins. Co. v. Coyote Land Co., Inc*., No. 3:09-cv-556 (N.D.Fla. Feb. 4, 2011), and *Sua Ins. Co. v. Tikal Construction*, *et al*., 2:10-cv-406 (M.D.Fla. 2011).

21.     Information regarding underlying claims is essential to making a determination regarding Plaintiffs' duty to defend as pled in the Complaint.  *See* D.E. 1.  It is of note that Plaintiffs do not reference the claims regarding their duty to defend in their Motion for Summary

Judgment nor do they characterize their motion as a "Partial" Motion for Summary Judgment. *See* D.E. 47.

22.     "The duty to defend depends on the facts and legal theories alleged in the pleading and claims against the insured." *Nova Cas. Co. v. Waserstein*, 424 F.Supp. 2d 1325, 1332 (S.D.Fla. 2006) (citing *Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995).

23.     The existence and nature of underlying claims are also crucial in assessing whether Plaintiffs have standing to bring this suit against Finest.

24.     In deciding whether a declaratory action case meets the case-or-controversy requirement, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc*. 549 U.S. 118, 127 (2007).  The complaint must allege an objectively reasonable basis for believing a current dispute exists in order to bring suit.  *Geltech, Inc. v. Marteal, Ltd*., 2010 WL 1791423 (S.D.Fla. 2010).

25.     The Complaint does not set forth a reasonable basis to believe that there is a "substantial continuing controversy between two adverse parties" as there is no litigation on underlying claims.  *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999).

26.     Moreover, an insurer's duty to indemnify is dependant on the outcome of a case. The duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement.  *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D.Fla. 2001).

27.     Therefore, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.  *Id.*

28.     Plaintiff has failed to identify any underlying claims against Finest for the installation of defective drywall.   Accordingly, the Court cannot enter judgment regarding Plaintiffs' duty to indemnify Finest.

29.     The only exception to the general rule set forth in paragraphs 26 and 27 *supra* is "if the Court can determine that the allegations in the complaint could *under no circumstances* lead to a result which would trigger the duty to indemnify.  In such a situation, the court could adequately assess the duty to indemnify *prior to a conclusion on the merits of the underlying litigation*."  *Id.* (*emphasis added*)

30.     Under the circumstances set forth in this Motion, it would be precipitous for the Court to conclude that "under no circumstances," can a claim against Finest trigger the duty to indemnify.   Additionally, the language in *Northland* implies that underlying litigation is necessary in order to even consider the duty to indemnify.  *Id.*

31.     Finest seeks to continue its investigation and intends on propounding additional discovery requests regarding issues set forth in this Motion and other matters relevant to Finest's position as a Defendant in this action and to Finest's defenses.

32.     These matters include, but are not limited to, choice of law issues[2] and whether the pollution exclusion was meant to apply to indoor property damage[3]

---

[2] Defendant Finest hereby adopts and incorporates by reference, Defendant Pate's Choice of Law analysis and arguments as set forth in Pate's Motion to Dismiss or Continue Plaintiffs' Motion for Summary Judgment Pursuant to FRCP 56(d).  D.E. 54

[3] *See U.S. Fire Ins. Co. v. J.S.U.B., Inc.* 979 So.2d 871 (Fla 2007)(while finding the applicable exclusion unambiguous, the Court evaluated and considered the drafting history and evolution of the provision in determining its applicability).

33.     Finest disputes the allegations set forth in Plaintiffs' Statement of Uncontested Material Facts In Support of their Motion for Summary Judgment.  Discovery is necessary to properly address the allegations set forth therein.

34.     Consequently, summary judgment of this action at this time is premature and it would be error for the Court to entertain same at this juncture.

**WHEREFORE,** in light of the foregoing, Defendant, FINEST DRYWALL, INC., respectfully request this Court strike or continue Plaintiffs' Motion for Summary Judgment in this cause at this time pursuant to Fed.R.Civ.P. 56(d) for any other relief this court deems just and proper.  Alternately, Defendant, FINEST DRYWALL, INC., requests that this Court deny Plaintiffs NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY INSURANCE COMPANY'S Motion for Summary Judgment and allow Defendants to engage in discovery until March 12, 2012, the discovery cut-off date pursuant to the Case Management and Scheduling Order.

DATED: August 5th, 2011.


**LAW OFFICE OF ALEXIS GONZALEZ, P.A.**
Attorney for Defendants
9755 S.W. 40th Terrace
Miami, Florida 33165
Telephone: (305) 223-9999
Fax No. (305) 223-1880



By:     s/Lissette M. Carreras
         ALEXIS GONZALEZ, ESQ.
         Florida Bar No.: 180785
         LISSETTE M. CARRERAS, ESQ.
         Florida Bar No.: 18079

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail on this 5th day of August, 2011, upon:

Cindy L. Ebenfeld, Esq.,
11011 Sheridan Street
Suite 104
Cooper City, Florida 33026

Jocelyn P. Jopa, Esq.
Joseph Hinkhouse, Esq.
Hinkhouse Williams Walsh LLP
180 N Stetson Ave., Suite 3400,
Chicago, IL 60601

Anna M. Piazza, Esq.
Anderson Kill & Olick, PC,
1251 Avenue of the Americas
43rd Floor
New York, NY 10020

By: ____s/Lissette M. Carreras_____
       Lissette M. Carreras, Esq.