UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY INSURANCE
COMPANY,

    Plaintiffs,

v.        CASE NO: 8:10-cv-1541-T-26TBM

BETA CONSTRUCTION LLC f/k/a Beta
Drywall LLC, FINEST DRYWALL, INC., and
ROBERT C. PATE, as Trustee for the WCI
Chinese Drywall Trust,

    Defendants.
_____/

**O R D E R**

Upon due consideration of Defendant Robert C. Pate's Motion to Dismiss or Continue Plaintiffs' Motion for Summary Judgment (Dkt. 54), Defendant Finest Drywall, Inc.'s Motion to Strike Plaintiffs' Motion for Summary Judgment (Dkt. 55), and Plaintiffs' Response (Dkt. 58), the Court finds that the motions should be denied. First, the Defendants did not begin to seek discovery until nine months after the case management and scheduling order had been entered,[1] and tellingly, one week after

---

[1] See docket 33, filed October 6, 2010.

Plaintiffs' Motion for Summary Judgment and supporting attachments[2] had been filed.[3] Second, Plaintiffs took the position in the case management and scheduling report that no discovery is necessary in this case, and opposed any discovery, because in this insurance coverage action, "an insurer's duty to defend is determined solely by the Court's comparison of the insurance policies and the allegations in the underlying complaints."[4] This position, however, did not deny Defendants the opportunity to conduct discovery before Plaintiffs filed their motion for summary judgment. Defendants could have sought to propound discovery or sought to contest Plaintiffs' objections to discovery soon after the parties conferred as required by Rule 26(f),[5] which occurred on September 27, 2010, some nine months before the motion for summary judgment was filed.

Finally, Defendants have failed to show that additional discovery would allow them to rebut Plaintiffs' motion on the issue of choice of law. See Mawulawde v. Board of Regents of the Univ. Sys. of Ga., 2007 WL 2460774, *5 (S.D. Ga. Aug. 24, 2007) (citing Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989)). Defendant Pate agrees with Plaintiffs that the Florida Supreme Court "unequivocally reiterated that *lex loci*

---

[2]   See docket 47, filed on July 15, 2011. The motion for summary judgment was filed one year after the filing of this action on July 13, 2010. See docket 1, the complaint.

[3]   See docket 59, motion for protective order citing July 23, 2011 as first date of propounded discovery on page 1.

[4]   See docket 32, at ¶¶ 2 & 6.

[5]   See Fed.R.Civ.P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]").

*contractus* is the controlling choice of law doctrine in contract (including insurance policy) cases."[6] See State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163-64 (Fla. 2006). The *lex loci contractus* doctrine states that a contract "is governed by the law of the state in which the contract is made, i.e., where the last act necessary to complete the contract is done." Fioretti v. Massachusetts Gen. Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir. 1995). Applying this test, Defendants have not shown this Court that discovery on the choice-of-law issue would rebut Plaintiff's position on that issue.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Robert C. Pate's Motion to Dismiss or Continue Plaintiffs' Motion for Summary Judgment (Dkt. 54) is **DENIED**.

(2) Defendant Finest Drywall, Inc.'s Motion to Strike Plaintiffs' Motion for Summary Judgment (Dkt. 55) is **DENIED.**

(3) Defendants are directed to file their respective responses to Plaintiffs' Motion for Summary Judgment (Dkt. 47) on or before August 31, 2011.

**DONE AND ORDERED** at Tampa, Florida, on August 16, 2011.

                                 s/*Richard A. Lazzara*
                                 **RICHARD A. LAZZARA**
                                 **UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[6] See docket 53, page 8 (Pate's Memorandum in Opposition).