UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 8 :10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

    Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

    Defendants.
_____/

## DEFENDANT FINEST DRYWALL, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, FINEST DRYWALL, INC. (hereinafter referred to as "Finest") hereby moves this Court to extend the time in which Finest may file a response to the Motion for Summary Judgment of Plaintiffs, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY, INSURANCE COMPANY (collectively, "Plaintiffs") and in support of this motion, Finest states:

    1.    Plaintiffs filed a Plaintiffs' Motion for Summary Judgment on July 15, 2011. D.E. 47.

    2.    Subsequently, Defendant Pate propounded its First Set of Interrogatories, Second Set of Interrogatories and First Request for Production.

1

3. Similarly, on August 3, 2011, Finest propounded its First Set of Interrogatories and on August 10, 2011 Finest propounded its Second Set of Interrogatories and First Request for Production on Plaintiffs. They are attached hereto as Composite Exhibit A.

4. On August 5, 2011 Finest also filed its Motion to Strike Motion for Summary Judgment and in the alternative, Response to Motion for Summary Judgment. D.E.55.

5. On August 15, 2011, National Union and CIIC filed Plaintiffs' Motion for Protective Order Precluding Answers to Defendant Robert C. Pate's First and Second Sets of Interrogatories and First Requests for Production. D.E. 59.

6. In their Motion for Protective Order, Plaintiffs request that the Court protect them from the "annoyance, embarrassment, or [the] undue burden or expense" of responding to Pate's First and Second Sets of Interrogatories and First Requests for Production. D.E. 59. Plaintiffs argued that the discovery requested by Pate was "extraneous and irrelevant." *Id*.

7. "Upon due consideration of the procedural history of this case," on August 16, 2011, the Court entered an order granting Plaintiffs' request for a protective order thus precluding answers to Pate's discovery requests until such time as the Court made a determination whether to strike or deny without prejudice Plaintiffs' pending Motion for Summary Judgment. D.E. 60. If the Court declined to strike or deny Plaintiffs' Motion for Summary Judgment then, the Court ruled, the discovery requests would become moot. *Id*.

8. The Court, after considering Plaintiffs' Response to Defendant Robert C. Pate's Motion to Dismiss or Continue Plaintiffs' Motion for Summary Judgment and Defendant Finest Drywall, Inc.'s Motion to Strike Plaintiffs Motion for Summary Judgment denied both Defendant Pate and Defendant Finest's motions. D.E. 58, 61.

9. Accordingly, based on the Court's refusal to strike or deny Plaintiff's Motion for Summary Judgment, Pate's pending discovery requests became moot. D.E. 60.

10. Plaintiffs have not yet responded to Finest's First Set of Interrogatories or to Finest's Second Set of Interrogatories and First Request for Production.

11. Responses to Finest's First Set of Interrogatories are due on September 3, 2011 and responses to Finest's Second Set of Interrogatories and First Request for Production are due on September 13, 2011.

12. Plaintiffs have not moved for an extension of time to respond to Finest's discovery requests.

13. Plaintiffs have not moved for protective order from Finest's discovery requests.

14. To the extent that the Court ruled on Plaintiffs' Motion for a Protective Order, the motion only and explicitly addressed discovery requests submitted by Defendant Pate. Plaintiffs' Motion for a Protective Order did not seek relief from the Court regarding discovery request propounded by Finest.

15. Therefore, Defendant Finest expects that Plaintiffs will provide adequate and complete responses to its requests on September 3 and September 13, respectively.

16. Said discovery responses will address issues of material fact.

17. Specifically, in its First Set of Interrogatories, Finest requests information regarding underlying claims made on Finest's policies at issue in this case. Information regarding underlying claims whether said claims are Chinese Drywall claims relates directly to Plaintiffs' standing to bring this action against Finest. For there to be standing, there must be a "substantial continuing controversy between two adverse parties." *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). Here, there is not substantial

and continuing controversy as no litigation on underlying claims exists or has been made known. The interests of Plaintiffs and Finest are not adverse as there is no matter in controversy between them. When Plaintiffs' respond to Finest's discovery requests, Finest will be in a better position to concede that Plaintiffs have standing or to contest that there is a genuine dispute as to a material fact. *FRCP Rule 56 (a)*.

18. In Finest's Second Set of Interrogatories and First Request for Production, Finest seeks information regarding the specific language of the Pollution Exclusion at issue, the intent of the drafters of the Pollution Exclusion, and interpretative materials used in the insurance industry. These matters are relevant even if this Court believes that the language of the Pollution Exclusion is unambiguous. The Florida Supreme Court, in *U.S. Fire Ins. Co. v. J.S.U.B., Inc.,* after finding that the language of the insurance policy was not ambiguous, analyzed the history and evolution of the provisions and exclusions relevant to that case. 979 So.2d 871, 877 (Fla. 2007). Specifically, the Court states:

> "In resolving this issue, we first set forth the standards for construing insurance contracts and outline the origin and evolution of CGL [commercial general liability] policies, highlighting the changes that have been made to the relevant language of the insuring provision and exclusions over the years." *Id*.

*J.S.U.B.* is of particular importance because it was decided after *Deni* and *Deni's* progeny. *Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins*. Co., 711 So.2d 1135 (Fla. 1998). In *Deni*, the 1998 Florida Supreme Court found that pollution exclusion was not ambiguous and therefore should be interpreted as read. *Deni* goes so far as to say "This Court cannot examine the history of the exclusion because the language is clear and unambiguous and to resort to history would, therefore, be contrary to Florida law." *Id*. at 1138. In contrast, the *J.S.U.B.* Court considered extraneous evidence regarding the history and intent of the drafters of

4

the language at issue even after finding the language unambiguous. *U.S. Fire Ins. Co. v. J.S.U.B., Inc*. 979 So.2d 871, 877 (Fla. 2007).

19. Based on the foregoing, Finest respectfully requests an extension of time to respond to Plaintiffs' Motion for Summary Judgment until such time as Finest has received Plaintiffs' Reponses to Finest's First Set of Interrogatories, Finest's Second Set of Interrogatories, and First First Request for Production on Plaintiffs.

WHEREFORE, Defendant FINEST DRYWALL, INC. respectfully requests that the Court grant an extension of time to Respond to Plaintiffs' Motion for Summary Judgment until such time as Finest has received Plaintiffs' Reponses to Finest's First Set of Interrogatories, Finest's Second Set of Interrogatories, and Finest's First Request for Production on Plaintiffs and any other relief as the Court deems just and proper.

Respectfully Submitted,

**LAW OFFICE OF ALEXIS GONZALEZ, P.A.**
9755 SW 40th Terrace
Miami, FL 33165
Telephone: 305-223-9999
Facsimile: 305-223-1880


By: __s/_Lissette M. Carreras_____
    Lissette M. Carreras
    Florida Bar No. 18079
    E-mail: lcarreras@aglawpa.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Cindy L. Ebenfeld, Esq., 11011 Sheridan Street, Suite 104, Cooper City, Florida 33026.


By: __s/ Lissette M. Carreras_____
       Lissette M. Carreras, Esq.