**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
COMMERCE AND INDUSTRY
INSURANCE COMPANY,

                        Plaintiffs,

- v-

BETA CONSTRUCTION LLC f/k/a BETA
DRYWALL LCC; FINEST DRYWALL,
INC.; and ROBERT C. PATE, as Trustee
for the WCI Chinese Drywall Trust,

                        Defendants.

CASE NO.: 8:10-cv-01541-RAL-TBM

## DEFENDANT ROBERT C. PATE'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Robert C. Pate ("Pate"), as Trustee for the WCI Chinese Drywall Trust (the "Trust"), hereby requests that Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Commerce and Industry Insurance Company ("CIIC") (collectively, "Plaintiffs") answer the following interrogatories within 30 days from service of these interrogatories.

## DEFINITIONS

The following definitions apply to all interrogatories set forth below unless otherwise indicated:

1. "Plaintiffs" or "You" shall mean National Union and CIIC, the plaintiffs in the above-captioned lawsuit, including their parent company(ies), affiliated companies and subsidiaries, and any Person acting on their behalf.

2.  "National Union" shall mean, National Union, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

3.  "CIIC" shall mean, CIIC, plaintiff in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

4.  "Pate" or "the Trust" shall mean Robert C. Pate, Trustee for the WCI Chinese Drywall Trust, defendant in the above-captioned lawsuit.

5.  "Beta" shall mean Beta Construction LLC f/k/a Beta Drywall LLC, defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

6.  "Finest" shall mean Finest Drywall, Inc., defendant in the above-captioned lawsuit, including its parent company(ies), affiliated companies and subsidiaries, and any Person acting on its behalf.

7.  "Insurance Policies" shall mean the following:

| Insurance Company | Subcontractor | Policy Number | Policy Period |
| --- | --- | --- | --- |
| National Union | Beta Drywall LLC | BE 6564380 | 2/28/06-2/28/07 |
| National Union | Beta Construction LLC | BE 6564484 | 2/28/07-2/28/08 |
| National Union | Finest Drywall Inc. | BE 5346464 | 9/15/07-9/15/08 |
| CIIC | Finest Drywall | BE 012779651 | 9/15/08-9/15/09 |

8.  "Claim" shall mean claims under the Insurance Policies related to Chinese Drywall.

9. "Complaint" shall mean the complaint filed in the above captioned action.

10. "Underwriting Files" shall mean the collection of materials assembled, examined, or referred to by Plaintiffs, or any other party, in underwriting the Policies.

11. "Claims File" shall mean the collection of materials assembled, examined, or referred to by the Plaintiffs, or any other party, in handling the Claims under the Policies.

12. "Concern" and "Concerning" shall mean referring to, relating to, constituting, discussing, evidencing, or in any way relevant to.

13. "Communication" shall mean, without limitation, any oral, written or electronic transmission of information, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

14. "Document" is used in the broadest sense permissible under Federal Rule of Civil Procedure 34 and includes all information in written, recorded, graphic, or electronic form, including but not limited to writings, drawings, graphs, charts, photographs, tapes, recordings, e-mails, computer records, computer diaries, motion pictures, or videotapes.

15. "Person" includes both the singular and plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization,

and any governmental entity or department, agency, bureau, or political subdivision thereof.

16. "Describe" means to explain in detail.

17. "State" means to express the particulars.

18. "Identify" means:

   (a) When used in reference to a natural Person, to state such Person's full name, the Person's current employer, and if employed by You, state the Person's current office location, department and position, and if the person is not currently employed by You, state the Person's present or last known residential address, present and last known business address, and present or former relationship (including present and past job titles) to any of the parties to this action. If the Person was employed by You at the time relevant to the interrogatory, "Identify" also means to state the Person's office location, department, and position at the time relevant to the interrogatory. If the Person was not employed by You at the time relevant to the interrogatory, "Identify" also means to state the Person's employer, position and the employer's office location at that time;

   (b) When used in reference to a corporation, partnership or legal entity other than a natural Person, to state its full name, form of organization, and present or last known address or principal place of business;

   (c) When used in reference to Documents or Communications, to state the type of Document or Communication, its date, its author(s), its addressees or recipients, its present location or custodian, and, if the Document or Communication is no longer in Your possession, custody or control, what disposition was made of it and the date of such disposition; and

   (d) When used in reference to an act, occurrence, transaction, decision, or statement, to briefly summarize or describe the event(s) which constitute it, to state where and when it happened, and to Identify the Persons, Documents and Communications involved.

19. Whenever the context in which words used in these interrogatories indicate or suggest that such is the intent, the word "any" includes "all" and "each" and the word "all" includes "any."

20. "And" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

## INSTRUCTIONS

1. Whenever in these interrogatories You are asked to identify a Person, You shall state such Person's full name, present or last known residence and business addresses and telephone numbers.

2. When a business organization is required to be identified, please state its name and address and the name of each of its agents with respect to the matters referred to in the interrogatory.

3. Where Documents or Communications are required to be identified, please state the type of Document or Communication, its date or approximate date, the author, Persons who received copies, the custodian and, if the Document or Communication is no longer in Your possession, whether it is missing, has been transferred or has been destroyed.

4. These interrogatories shall be deemed continuing and, accordingly, must be supplemented to the extent Federal Rule of Civil Procedure 33 requires.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the Person(s) who decided to include the Total Pollution Exclusion Endorsements in each of the Insurance Policies.

**INTERROGATORY NO. 2**

Identify all Documents, including manuals, that concern under what circumstances You will include the Total Pollution Exclusion Endorsement in an insurance policy.

**INTERROGATORY NO. 3**

For each of the Insurance Policies, Identify (1) the classification code (i.e., the class of risk) for each policyholder; (2) the various pollution exclusions (by form number) that You utilize for each such classification; and (3) the reason for Your use of Total Pollution Exclusion Endorsement form numbers 90349 (1/06) AH1803 and 62221 (03/03) AH0272 in the Insurance Policies.

**INTERROGATORY NO. 4**

Identify when You and any broker and/or agent agreed to bind coverage for the Insurance Policies, including the (1) date of the agreement; (2) Persons involved in – and their respective roles in – reaching the agreement; (3) Communications concerning the agreement, including phone calls (specifying the date of the phone call and location of the Persons on the phone call); and (4) any Documents concerning the agreement.

Dated: July 27, 2011

ANDERSON KILL & OLICK, P.C.

By: *[signature]*
Robert M. Horkovich, Esq.
Anna M Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

*Trial counsel for Defendant Robert C. Pate, as Trustee for the Chinese Drywall Trust*

Michael J. Ryan, Esq.
Krupnick Campbell Malone Buser
  Slama Hancock Liberman & McKee, PA
12 S.E. 7th Street, Suite 801
Ft. Lauderdale, FL 33301
T: 954-763-8181
F: 954-763-8292

mryan@krupnicklaw.com

*Local counsel for Defendant Robert C. Pate, as Trustee for the WCI Chinese Drywall Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2011, a copy of the foregoing was served upon counsel of record, as follows, by regular and electronic mail.

Alberto Emilio Acuna, Esq.
Albert E. Acuna, PA
782 NW 42nd Avenue, Suite 343
Miami, FL 33126
alexis@aglawpa.com

Cindy Lea Ebenfeld, Esq.
Hicks, Porter, Ebenfeld & Stein, PA
11011 Sheridan Street, Suite 104
Hollywood, FL 33026
cebenfeld@mhickslaw.com

Joseph Hinkhouse, Esq.
Sara U. Gattie, Esq.
Jocelyn P. Jopa, Esq.
Hinkhouse Williams Walsh, LLP
180 N. Stetson Avenue, Suite 3400
Chicago, IL 60601
jhinkhouse@hww-law.com
sgattie@hww-law.com
jjopa@hww-law.com

/s/ Anna M. Piazza
Anna M. Piazza