UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 8 :10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

       Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

       Defendants.

_____/

## NOTICE OF SERVING DEFENDANT, FINEST DRYWALL, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS NATIONAL UNION FIRE INSURANCE COMPANY AND COMMERCE AND INDUSTRY INSURANCE COMPANY

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant FINEST DRYWALL, INC., (hereinafter referred to as "Finest"), by and through their undersigned counsel, propounds the following interrogatories upon Plaintiffs, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY INS. CO., (hereinafter referred to as "National Union" and "CIIC" respectively and collectively as "Plaintiffs") and requests that the following interrogatories be answered within 30 days from service of these interrogatories.

DATED this _10_ day of August, 2011.

Respectfully submitted,

LAW OFFICE OF ALEXIS GONZALEZ, P.A.
*Attorneys for Finest Drywall, Inc.*
9755 SW 40th Terrace
Miami, FL 33165
Telephone: 305.223.9999
Facsimile: 305.223.1880

By: _____
Alexis Gonzalez, Esq.
Florida Bar No. 180785
E-mail: Alexis@aglawpa.com
Lissette M. Carreras, Esq.
Florida Bar No.  18079
E-mail: LCarreras@aglawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERIFY that a true and correct copy of the foregoing was forwarded via U.S.

Mail on this __10__ day of August, 2011 upon:

Cindy L. Ebenfeld, Esq.,
11011 Sheridan Street
Suite 104
Cooper City, Florida 33026

Jocelyn P. Jopa, Esq.
Joseph Hinkhouse, Esq.
Hinkhouse Williams Walsh LLP
180 N Stetson Ave., Suite 3400,
Chicago, IL 60601

Anna M. Piazza, Esq.
Anderson Kill & Olick, PC,
1251 Avenue of the Americas
43rd Floor
New York, NY 10020

By: _____
Lissette M. Carreras, Esq.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you," "your," and "Plaintiff," shall refer to NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY INSURANCE COMPANY, their parent subsidiaries or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

2.      As used herein, the term "National Union" shall refer specifically to Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., its parent subsidiary or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

3.      As used herein, the term "CIIC" shall refer specifically to Plaintiff, COMMERCE and INDUSTRY INSURANCE COMPANY, its parent subsidiary or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

4.      As used herein, the term "Defendants" shall refer collectively to Defendants, ROBERT C. PATE, as Trustee for the WCI, BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC, and FINEST DRYWALL, INC., their parent subsidiaries or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present. Individually, Defendant ROBERT C. PATE, as Trustee for the WCI will

be referred to as "Pate," Defendant BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC will be referred to as "Beta," and Defendant FINEST DRYWALL, INC. will be referred to as "Finest."

5.      The term "document" shall include all things which come within the definition of a "document" in the broadest sense permissible under Federal Rule of Civil Procedure 34 whether completed or not, and whether a draft or not. Without limitation, the word "document" shall include the following items, whether printed, microfilmed, electronically recorded in sound or in pictures, stored in computer memory or in a computer database, reproduced by any process, or written or produced by hand or typed: all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, correspondence, memoranda, notes, messages, letters telegrams, teletypes, telefaxes, bulletins, meeting or other communications, interoffice and intra-office communications, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, financial statements, financial schedules, financial or other forecasts, statistical statements, policy statements, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments to any of the foregoing), graphic or other records or representations of any kind (including without limitations photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric data or representations of any kind (including without limitation tapes, cassettes, discs and records). "Documents" shall include, but are not limited to, all e-mails and text files (including word processing documents), spreadsheets, e-mail files and

information concerning e-mail (including logs of e-mail history and usage, header information and deleted files), internet history files and preferences, graphical image files (regardless of format), databases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing any information or electronic data.

6.      The term "communication" shall mean and refer to both written and verbal exchanges between or among any person or persons and/or entities, including but not limited to verbal conversations, telephone calls, letters, notes, memoranda, reports, telegrams, confirmations, exhibits, drawings, sketches and any other "document" or "thing" as earlier defined which constitutes, confirms, embodies or otherwise related to the communications.

7.      The term "oral" or "verbal" communication means any words heard or spoken, regardless of whether designated confidential, privileged, or otherwise, including, without limitation but only by way of example, words spoken at a meeting, encounter, discussion, speech, conversation, telephone conversation or otherwise.

8.      The term "person" or "persons" shall mean and refer to any individual, corporation, partnership, proprietorship, joint venture, or any legal  entity, as well as to any and all officers, directors, agents, servants, employees, legal representatives, experts and consultants of the entity, however denominated. In addition, the term "person" or "persons" shall be deemed to include artificial persons, governments (or agencies thereof), quasi-public entities, and all other forms of organization or association.

9.      "Identify" when used in reference to an individual person, means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether that person is corporation, partnership, or other organization, and the name, present and

last known address and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that person to state only the name.

10.     "Identify" when used in reference to a document or documents, means to state the date, the author, the addressee, type of document, and any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to Federal Rule of Civil Procedure 34. If any such document in no longer in your possession or subject to your control, state what disposition. In lieu of identifying any document, a true and correct copy may be annexed to and incorporated in the answers to these interrogatories.

11.     "Relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, delegating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

12.     "State the factual and legal basis" shall mean to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, statement, or legal position or reason relating to the information that is the subject of the interrogatory. In responding to such interrogatories, identify documents in accordance with paragraph 10 above and quote pertinent portions of all documents which support your position or upon which you otherwise intend to rely. A general reference to "the contract", "the specifications," etc., or to a section or paragraph thereof, is sufficient, Identification and/or quotation must be of specific words, phrases, or sentences. Also identify all persons responsible for, or who participated in, developing the basis of your position.

13.     As used herein, the term "Insurance Policies" shall refer to Insurance Policy No. BE 5346464, issued by National Union to Finest for the policy period from September 15, 2007 through September 15, 2008 and Insurance Policy No. BE 012779651, issued by CIIC to Finest for the policy period from September 15, 2008 through September 15, 2009.

14.     As used herein, the term "Coverage Period" shall refer to the time period during which Finest had active insurance policies with Plaintiffs from September 15, 2007 up to and including September 15, 2009.

15.     As used herein, the term "Claim" shall refer to claims made under the Insurance Policies related to this suit and or Chinese Drywall.

## INTERROGATORIES

1. Identify all persons providing any information used to prepare responses to these interrogatories and identify for which interrogatory responses their information was used. In answering this question, provide the persons' most current address and phone number.

2. Identify all documents, files, and records you have relied upon in answering these interrogatories, including computer printouts, ledgers, memoranda, or communications.

3. Identify all persons who were involved in drafting the Pollution Exclusion as it is phrased in Finest's insurance policies.

4. Identify all insurance-industry interpretive manuals that relate to the Pollution Exclusion as phrased in Finest's insurance policies.

5. Identify the first time Plaintiffs used Pollution Exclusions in commercial general liability policies.

6. Describe with specificity the intent of Plaintiffs in drafting the Pollution Exclusion.

7. Identify each time the language of the Pollution Exclusion has changed, been modified, or adapted. Give the reasons for each change and describe how it was changed. Please provide each version of the Pollution Exclusion in its entirety.

8. Identify internal memorandums and/or communications that relate to the Pollution Exclusion generally and specifically in Finest's policies.

9. Identify claims manuals and other interpretive materials prepared by you or used by you that relate to the pollution exclusion.

10. Identify any and all documents and/or communications that relate to the Pollution Exclusion and its applicability to Chinese Drywall.

11. Identify any and all documents and/or communications that relate to the Pollution Exclusion and its applicability to environmental pollution.

12. Identify and describe any other information which relates to the origin and evolution of the Pollution Exclusion.

13. Identify all persons who were involved in drafting or choosing of the term(s) and/or definition of the term Pollutant and/or Irritant and/or Contaminant as they are found in Finest's insurance policies.

14. Identify all insurance-industry interpretive manuals that relate to the term(s) and/or definition of the term Pollutant and/or Irritant and/or Contaminant as found in Finest's insurance policies.



15. Identify the first time Plaintiffs used the term(s) Pollutant and/or Irritant and/or Contaminant in commercial general liability policies.

16. Describe with specificity the intent of Plaintiffs in using the term(s) Pollutant and/or Irritant and/or Contaminant.

17. Identify each time the definition of the term and/or the term(s) Pollutant and/or Irritant and/or Contaminant have been changed, modified, or adapted.   Give the

reasons for each change and describe how they were changed. Please provide each version of the definition of the term and/or the term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant.

18. Identify internal memos that relate the term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant.

19. Identify claims manuals and other interpretive materials prepared by you or used by you that relate to the term(s) used to define the agent that caused pollution under the

pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant as phrased in Finest's insurance policies.

20. Identify any and all documents and/or communications that relate to the term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant and their applicability to Chinese Drywall.

21. Identify any and all documents and/or communications that relate to term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant and their applicability to environmental pollution.

22. Identify and describe any other information which relates to the origin and evolution of term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant as they are used in the pollution exclusion or its substantive equivalent.

## NOTARY ATTESTATION

I, _____, AS _____ OF PLAINTIFF AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (_____ TOTAL) DO HEREBY AFFIRM THAT THE ANSWER TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_____
(INDICATE NAME AND EMPLOYEE STATUS WITH DEFENDANT)

State of _____ )

County of _____ )

The foregoing instrument was acknowledged me on this _____ day of _____, 2011, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes. (Please indicate)

_____
Notary Public – Sign

_____
Notary Public – Print

_____
Commission Number and Expiration Date of Same