# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO.: 8:10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

    Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

    Defendants.
_____/

## DEFENDANT, FINEST DRYWALL, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS NATIONAL UNION FIRE INSURANCECOMPANY AND COMMERCE AND INDUSTRY INSURANCE COMPANY

Defendant, FINEST DRYWALL, INC., (hereinafter referred to as "Finest"), by and through its undersigned counsel, in accordance to Federal Rules of Civil Procedure 26 and 34, hereby requests that Plaintiffs, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY INSURANCE COMPANY, (hereinafter referred to as "National Union" and "CIIC" respectively and collectively as "Plaintiffs") provide copies of the items requested for production of documents. You must deliver copies of the requested items via U.S. Mail to Law Office of Alexis Gonzalez, P.A., 9755 SW 40 Terrace, Miami, FL 33165, within thirty (30) days of service of this request upon you.

## DEFINITIONS AND INSTRUCTIONS

1. The documents sought by Defendant in this Request for Production are evidence in the above-captioned lawsuit. Defendant requests that you maintain your current records relating to the subject project and any future records that you may generate or possess in the future relating to this Project. Defendant may issue subsequent subpoenas and requests for productions during this litigation to you for any documents that may be generated by you or which may come into your possession subsequent to this request for production. The destruction of any records relating to these insurance policies may be deemed spoliation of evidence and may subject you to sanctions by the Court in this matter.

2. As used herein, the terms "you," "your," and "Plaintiff," shall refer to NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY INSURANCE COMPANY, their parent subsidiaries or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

3. As used herein, the term "National Union" shall refer specifically to Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., its parent subsidiary or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

4. As used herein, the term "CIIC" shall refer specifically to Plaintiff, COMMERCE and INDUSTRY INSURANCE COMPANY, its parent subsidiary or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers,

directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present.

5. As used herein, the term "Defendants" shall refer collectively to Defendants, ROBERT C. PATE, as Trustee for the WCI, BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC, and FINEST DRYWALL, INC., their parent subsidiaries or other related or affiliated organizations, principals, agents, partners, representatives, consultants, experts, and its officers, directors, employees, attorneys, and any other persons acting or purporting to act on its behalf, past or present. Individually, Defendant ROBERT C. PATE, as Trustee for the WCI will be referred to as "Pate," Defendant BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC will be referred to as "Beta," and Defendant FINEST DRYWALL, INC. will be referred to as "Finest."

6. The term "document" shall include all things which come within the definition of a "document" in the broadest sense permissible under Federal Rule of Civil Procedure 34 whether completed or not, and whether a draft or not. Without limitation, the word "document" shall include the following items, whether printed, microfilmed, electronically recorded in sound or in pictures, stored in computer memory or in a computer database, reproduced by any process, or written or produced by hand or typed: all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, correspondence, memoranda, notes, messages, letters telegrams, teletypes, telefaxes, bulletins, meeting or other communications, interoffice and intra-office communications, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, financial statements, financial

schedules, financial or other forecasts, statistical statements, policy statements, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments to any of the foregoing), graphic or other records or representations of any kind (including without limitations photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric data or representations of any kind (including without limitation tapes, cassettes, discs and records). "Documents" shall include, but are not limited to, all e-mails and text files (including word processing documents), spreadsheets, e-mail files and information concerning e-mail (including logs of e-mail history and usage, header information and deleted files), internet history files and preferences, graphical image files (regardless of format), databases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing any information or electronic data.

7. The term "communication" shall mean and refer to both written and verbal exchanges between or among any person or persons and/or entities, including but not limited to verbal conversations, telephone calls, letters, notes, memoranda, reports, telegrams, confirmations, exhibits, drawings, sketches and any other "document" or "thing" as earlier defined which constitutes, confirms, embodies or otherwise related to the communications.

8. The term "oral" or "verbal" communication means any words heard or spoken, regardless of whether designated confidential, privileged, or otherwise, including, without limitation but only by way of example, words spoken at a meeting, encounter, discussion, speech, conversation, telephone conversation or otherwise.

9. The term "person" or "persons" shall mean and refer to any individual, corporation, partnership, proprietorship, joint venture, or any legal entity, as well as to any and

all officers, directors, agents, servants, employees, legal representatives, experts and consultants of the entity, however denominated. In addition, the term "person" or "persons" shall be deemed to include artificial persons, governments (or agencies thereof), quasi-public entities, and all other forms of organization or association.

10. "Identify" when used in reference to an individual person, means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether that person is corporation, partnership, or other organization, and the name, present and last known address and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that person to state only the name.

11. "Identify" when used in reference to a document or documents, means to state the date, the author, the addressee, type of document, and any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to Federal Rule of Civil Procedure 34. If any such document in no longer in your possession or subject to your control, state what disposition. In lieu of identifying any document, a true and correct copy may be annexed to and incorporated in the answers to these interrogatories.

12. "Relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, delegating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

13. "State the factual and legal basis" shall mean to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, statement, or legal position or reason

relating to the information that is the subject of the interrogatory. In responding to such interrogatories, identify documents in accordance with paragraph 11 above and quote pertinent portions of all documents which support your position or upon which you otherwise intend to rely. A general reference to "the contract", "the specifications," etc., or to a section or paragraph thereof, is sufficient, Identification and/or quotation must be of specific words, phrases, or sentences. Also identify all persons responsible for, or who participated in, developing the basis of your position.

14. As used herein, the term "Insurance Policies" shall refer to Insurance Policy No. BE 5346464, issued by National Union to Finest for the policy period from September 15, 2007 through September 15, 2008 and Insurance Policy No. BE 012779651, issued by CIIC to Finest for the policy period from September 15, 2008 through September 15, 2009.

15. As used herein, the term "Coverage Period" shall refer to the time period during which Finest had active insurance policies with Plaintiffs from September 15, 2007 up to and including September 15, 2009.

16. As used herein, the term "Claim" shall refer to claims made under the Insurance Policies related to this suit and or Chinese Drywall.

## REQUESTS FOR PRODUCTION

1. All documents, files, and records you relied upon in answering the interrogatories, including computer printouts, ledgers, memoranda, or communications.

2. All insurance-industry interpretive manuals that relate to the Pollution Exclusion as phrased in Finest's insurance policies.

3. All Pollution Exclusions and variations thereof used in your commercial general liability policies.

4. All documents and/or communications relating to the intent of Plaintiffs in drafting the Pollution Exclusion.

5. All documents and/or communications relating to each time the language of the Pollution Exclusion has changed, been modified, or adapted including the reasons for each change and how it was changed.

6. Internal memorandums and communications that relate to the Pollution Exclusion.

7. All claims manuals and other interpretive materials prepared by you or used by you that relate to the Pollution Exclusion.

8. Any and all documents and/or communications that relate to the Pollution Exclusion and its applicability to Chinese Drywall.

9. Any and all documents and/or communications that relate to the Pollution Exclusion and its applicability to environmental pollution.

10. Any and all documents and/or communications relating to the origin and evolution of the Pollution Exclusion.

11. All insurance-industry interpretive manuals that relate to the term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant as phrased in Finest's insurance policies.

12. All uses of the terms Pollutant and/or Irritant and/or Contaminant and variations thereof in your commercial general liability policies.

13. All documents and/or communications relating to Plaintiffs intent in choosing the term(s) Pollutant and/or Irritant and/or Contaminant to define the agent that caused pollution under the pollution exclusion.

14. All documents and/or communications relating to each time the terms Pollutant and/or Irritant and/or Contaminant have been changed, modified, or adapted including the reasons for each change and how it was changed.

15. Internal memorandums and communications that relate to the term(s) Pollutant and/or Irritant and/or Contaminant.

16. Claims manuals and other interpretive materials prepared by you or used by you that relate to the term(s) used to define the agent that caused pollution under the pollution exclusion including but not limited to Pollutant and/or Irritant and/or Contaminant as phrased in Finest's insurance policies.

17. Any and all documents and/or communications that relate to the term(s) Pollutant and/or Irritant and/or Contaminant and their applicability to Chinese Drywall.

18. Any and all documents and/or communications that relate to the term(s) Pollutant and/or Irritant and/or Contaminant and their applicability to environmental pollution.

19. Any and all documents and/or communications relating to the origin and evolution of the term(s) Pollutant and/or Irritant and/or Contaminant as they are used in the pollution exclusion or its substantive equivalent.

Respectfully submitted,

LAW OFFICE OF ALEXIS GONZALEZ, P.A.
*Attorneys for Finest Drywall, Inc.*
9755 SW 40th Terrace
Miami, FL 33165
Telephone: 305.223.9999
Facsimile: 305.223.1880

By: _____
Alexis Gonzalez, Esq.
Florida Bar No. 180785
E-mail: Alexis@aglawpa.com
Lissette M. Carreras, Esq.
Florida Bar No. 18079
E-mail: LCarreras@aglawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERIFY that a true and correct copy of the foregoing was forwarded via U.S. Mail on this __10__ day of August, 2011 upon:

Cindy L. Ebenfeld, Esq.,
11011 Sheridan Street
Suite 104
Cooper City, Florida 33026

Jocelyn P. Jopa, Esq.
Joseph Hinkhouse, Esq.
Hinkhouse Williams Walsh LLP
180 N Stetson Ave., Suite 3400,
Chicago, IL 60601

Anna M. Piazza, Esq.
Anderson Kill & Olick, PC,
1251 Avenue of the Americas
43rd Floor
New York, NY 10020

By: _____
Lissette M. Carreras, Esq.