UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 8 :10-CV-01541-RAL-TBM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, P.A. and COMMERCE and INDUSTRY
INS. CO.,

    Plaintiff,

vs.

ROBERT C. PATE, as Trustee for the WCI,
BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC
and FINEST DRYWALL, INC.,

    Defendants.
_____/

## DEFENDANT FINEST DRYWALL, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant FINEST DRYWALL, INC., by and through its undersigned counsel, hereby files this response in further opposition to the Motion for Summary Judgment filed on behalf of Plaintiffs NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. and COMMERCE AND INDUSTRY INSURANCE COMPANY in this cause. In support of its opposition FINEST DRYWALL, INC. states as follows:

### INTRODUCTION

On July 13, 2010, Plaintiffs National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") and Commerce and Industry Insurance Company ("CIIC") filed a multi-count Complaint ("Complaint") for declaratory judgment against FINEST DRYWALL, INC.

("Finest"), ROBERT C. PATE, as Trustee for the WCI, ("Pate"), and BETA CONSTRUCTION, LLC f/k/a BETA DRYWALL, LLC, ( "Beta"). *See* D.E. 1.[1]

Plaintiffs allege that Finest purchased a commercial umbrella liability policy from National Union for coverage from September 15, 2007 to September 15, 2008 under policy number BE 5346464 ("2007 Policy"). *Id*. In count III of the Complaint, Plaintiffs demand a declaration that Plaintiff National Union has no duty to defend or indemnify Finest with respect to claims arising from allegedly defective drywall installed and/or supplied by Finest. *Id*. To date however, Plaintiffs have not identified any claims made on the 2007 Policy regarding defective drywall.

Plaintiffs further allege that Finest purchased a commercial umbrella policy from CIIC for coverage from September 15, 2008 to September 15, 2009 under policy number BE 012779651 ("2008 Policy"). *Id.* In count IV of the Complaint, Plaintiffs demand a declaration that Plaintiff CIIC has no duty to defend or indemnify Finest with respect to claims arising from allegedly defective drywall installed and/or supplied by Finest. *Id*. To date however, Plaintiffs have not identified any claims made on the 2008 Policy regarding defective drywall.

On July 15, 2011, Plaintiffs filed Plaintiffs' Motion for Summary Judgment and Supporting Memorandum of Law asking this Court to make a finding that Plaintiffs have no duty to indemnify Defendants with respect to any claims or damages arising from defective drywall claims and to enter judgment against Defendants. Plaintiffs make no mention regarding their duty to defend said claims in their Motion for Summary Judgment as they did in their Complaint, nor do they characterize their motion as a "Partial" Motion for Summary Judgment. D.E. 1, 47.

In response to Plaintiffs' Motion for Summary Judgment, Defendants Pate and Finest submitted several requests to strike and/or continue Plaintiffs' Motion for Summary Judgment in

---

[1] "D.E." refers to docket entries in this case.

order to complete discovery in this case. *See* D.E. 53, 54, 55, 62. Specifically, Finest filed a Motion to Strike Motion for Summary Judgment and in the Alternative, Response to Motion for Summary Judgment ("Finest's Motion to Strike"). D.E. 55. In Finest's Motion to Strike, Finest sets forth multiple reasons why Plaintiff's Motion for Summary Judgment should be stricken or continued. Among the reasons, Finest argued that pursuant to the Case Management and Scheduling Order Defendants had several months to complete discovery, that discovery was outstanding in the case, and that the lack of discovery precludes Finest from justifying opposition to Plaintiffs' Motion for Summary Judgment and from making relevant arguments regarding Plaintiffs' standing to bring this case against Finest. *Id*. The Court refused to provide Defendants additional time to complete discovery. *See* D.E. 61.

Defendant Finest filed a second Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment. D.E. 62. In this motion, Finest requested an extension of time to respond to Plaintiff's Motion for Summary Judgment until such time as Plaintiffs responded to discovery requests propounded by Finest and due within two weeks of this response. In its Motion for an Extension, Finest advised that Plaintiffs have not sought an extension of time to respond to Finest's discovery requests nor have they petitioned the Court for a protective order. *Id*. Additionally, Finest set forth in its Motion for an Extension the content of the discovery requests and how Plaintiffs' Reponses would affect genuine issues of material fact. *Id*. Nevertheless the Court denied Finest's Request for an Extension until such time as Finest received Plaintiffs' Reponses to Finest's First Set of Interrogatories, Finest's Second Set of Interrogatories, and Finest's First Request for Production. D.E. 63. Still, substantial issues of material fact preclude summary judgment.

**UNDISPUTED FACTS**

Plaintiffs allege National Union issued an insurance policy to Finest for 2007-2008 and that Plaintiff CIIC issued an insurance policy to Finest for 2008-2009. (collectively "Finest Policies") Finest has never denied these allegations. *See* D.E. 44. There are no additional facts alleged specifically against Finest that are undisputed or worthy of consideration by this Court.

**DISPUTED MATERIAL FACTS:**
**THERE IS NO EVIDENCE OF CLAIMS MADE AGAINST FINEST**

Based on the lack of discovery conducted in this case, the only information available to the Court for its determination is that which has been provided by Plaintiffs in Plaintiffs' Statement of Uncontested Material Facts in Support of their Motion for Summary Judgment ("Plaintiffs' Uncontested Facts"). Plaintiffs' Uncontested Facts do not accurately present the material facts in this case. D.E. 47-1. Plaintiffs mischaracterize and cast a false light on matters that are not pertinent or germane to the Court's consideration of the material facts in this action against Finest. The facts advanced by Plaintiffs concerning Finest are either lacking or in dispute.

Plaintiffs' Uncontested Facts state that "Claims have been asserted against Beta directly, which have not been tendered under the policies issued to Beta." D.E. 47-1, ¶ 4. Plaintiffs however, do not make a similar representation about Finest. Not to mention, Plaintiffs state that "the deadline for underlying claimants to submit their claim forms to the WCI Chinese Drywall Trust was May 10, 2011." D.E. 47-1. By now, Plaintiffs should have been able to identify specific and concrete claims made against Finest for defective drywall installed by Finest. Undoubtedly, had any claims been asserted against the Finest Policies, Plaintiffs would have pled it accordingly. No underlying claims against Finest for damages arising out of the installation of defective drywall have been cited by Plaintiffs either in the Complaint, in their

Motion for Summary Judgment, or in Plaintiffs' Response to Defendant Robert C. Pate's Motion to Dismiss or Continue Plaintiff's Motion for Summary Judgment and Defendant Finest Drywall, Inc.'s Motion to Strike Plaintiff's Motion for Summary Judgment. *See* D.E. 1, 47, 58.

Instead, Plaintiffs rely exclusively on allegations made by Defendant Pate in an unsworn, unverified Complaint filed in another jurisdiction. The pleading referenced by Plaintiffs is the Amended Complaint in *Pate v. Am. Int'l Specialty Lines Ins. Co., et al*. ("Pate Action") to which Finest is *not* a party. 2:09-cv-07791 (E.D. La.). *See also* D.E. 17-1. Plaintiffs provide no additional facts or information in reliance of their Motion except general allegations made by Pate in his Amended Complaint in the Pate Action. Plaintiffs do not provide sworn discovery responses from Pate, an affidavit from Pate explicitly setting forth the underlying claims against Finest, or any other information from an independent and/or verified source. The record in this case is completely devoid of facts which implicate Finest in this or any action for a declaratory judgment based on defective drywall claims. *See* 47-1. Furthermore, Finest denies that any specific claims have been made on the Finest Policies. Based on the foregoing, there is insufficient information for the Court to rely on in entering a judgment against Finest in this case. In the alternative, there is a genuine issue as to material fact.

## DISPUTED MATERIAL FACTS:
## THERE IS NO EVIDENCE THAT ANY CLAIMS CONCEIVABLY MADE ON FINEST'S POLICIES ACTUALLY INVOLVE CHINESE DRYWALL

Plaintiffs have failed to show that any underlying claims result from Finest's installation of Chinese drywall. Plaintiffs again quote a generic description of Chinese Drywall used by Pate in the Pate Action, which Finest is not a party to:

> "In 2006, WCI began to receive complaints of property damage and/or bodily injury allegedly arising from Chinese Drywall installed in homes that WCI sold in Florida, including area such as Fort Lauderdale, Fort Myers, and Bradenton.

> The homeowners closed on these homes primarily between September 5, 2006 and September 12, 2008.
> The claimants allege damages that include increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator rubbing, electrical wires, and television connections); various health issues allegedly arising from the drywall; and tarnishing of silver and soft metals within the home." D.E. 47-1.

This passage and the other excerpts are cited in Plaintiffs' Uncontested Facts. *See* 47-1. The passages discuss the composition and harmful effects of Chinese Drywall. *Id.* While the information contained therein may be accurate, these generic passages do not purport to be and are not in any way related to underlying claims made against Finest. Plaintiffs inundate the court with citations from Defendant Pate's Trust Distribution Procedures and draw inferences from other actions relating Chinese Drywall that are still pending in courts of other jurisdictions and that do not implicate Finest[2]. It is improper for the Court to accept these facts as true against Finest when Plaintiff has not provided any credible evidence that these facts apply to defective drywall claims made on Finest's Policies.

Specifically, Plaintiffs have not addressed the anatomy of the underlying claims against Finest. The following inquiry, which is pertinent to the Pollution Exclusion analysis at issue here, remains unanswered by Plaintiff: What gases did the defective drywall installed by Finest emit? By what mechanism were said gases emitted? What is the chemical composition of said gases? Do the gases emitted by the drywall cause irritation and/or contamination? If so, what are the symptoms of the irritation and/or contamination on persons? What are the symptoms of

---

[2] Plaintiffs cite *ad naseum* Pate's statements made in various contexts including in the Amended Complaint of the Pate Action, in its Trust Distribution Procedures, in the Federal Multi-District Litigation Proceeding, as well as in other, proceedings before Judge Fallon. D.E. 47-1. To the extent that this Court believes that Pate is estopped from making certain arguments in this case, Finest reminds the Court that Finest is not a party to any of these proceedings and has not made any statements that can be construed as inconsistent with its current position in this litigation. Therefore, Finest should not be estopped from making arguments on its own behalf.

the irritation and/or contamination on property? These questions persist and there remains a genuine dispute as to material facts.

## IF FLORIDA LAW APPLIES[3], PLAINTIFFS HAVE NOT MET THEIR BURDEN

The existence of underlying claims are essential not only essential to determine Plaintiffs' standing to bring this suit against Finest.[4] An insurer's duty to indemnify is dependant on the outcome of a case. The duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement. *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D.Fla. 2001). Any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim. *Id*. Unless "the Court can determine that the allegations in the complaint could *under no circumstances* lead to a result which would trigger the duty to indemnify. In such a situation, the court could adequately assess the duty to indemnify *prior to a conclusion on the merits of the underlying litigation*." *Id.* (*emphasis added*)

Plaintiffs have failed to identify any underlying claims against Finest relating to defective drywall and have not shown in any of their pleadings that any claims conceivably made on Finest's Policies would actually involve Chinese Drywall. When considering the facts most favorably to the non-moving party, the Court cannot find for Plaintiffs.

Additionally, Plaintiffs' have failed to establish that the allegations in the Complaint could under no circumstances trigger the duty to indemnify. *Id*. This is true not only because of the disputed issues of material fact set forth above, but also because the Court has not recognized the precedental value of *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*. 979 So.2d 871, 877 (Fla. 2007). In *J.S.U.B.,* the Florida Supreme Court, after finding that the language of the insurance policy was

---

[3] Finest incorporates by reference Pate's Memorandum of Law in Further Opposition to Plaintiffs' Motion for Summary Judgment particularly, his choice of law analysis.
[4] Finest incorporates by reference its argument regarding Plaintiffs' lack of standing as set forth in its Motion to Strike Motion for Summary Judgment and in the Alternative Response to Motion for Summary Judgment. D.E. 55.

not ambiguous, it proceeded to analyze the history and evolution of the provisions and exclusions relevant to that case. Specifically, the Court states:

> "In resolving this issue, we first set forth the standards for construing insurance contracts and outline the origin and evolution of CGL [commercial general liability] policies, highlighting the changes that have been made to the relevant language of the insuring provision and exclusions over the years." *Id*.

The *J.S.U.B.* Court considered extraneous evidence regarding the history and intent of the drafters of the language at issue, even after finding the language unambiguous. *Id*. Essentially, J.S.U.B. overrules *Deni* and its progeny. *Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins*. Co., 711 So.2d 1135 (Fla. 1998). *Deni*, which is relied upon heavily by Plaintiffs in their Motion for Summary Judgment, stands for the proposition that where the terms of a policy are clear and unambiguous, they should be interpreted consistent with their plain meaning. *Deni* goes so far as to say "This Court cannot examine the history of the exclusion because the language is clear and unambiguous and to resort to history would, therefore, be contrary to Florida law." *Id*. at 1138.

In light of the *J.S.U.B.* Court's change of approach to insurance contract interpretation and Plaintiffs' absolute reliance thereon, this Court cannot conclude that "under no circumstances," can a claim against Finest trigger the duty to indemnify. *Northland* at 1360. No record of the history of the Pollution Exclusion at issue has been made by Plaintiffs for the Court's consideration. This issue was inquired into in Finest's discovery requests which remain unanswered. *See* D.E. 62, 63.

Plaintiffs have failed to establish that there are no genuine issues of material fact, that Florida law applies, and that even if Florida law applies, Plaintiffs have failed to meet their burden.

**WHEREFORE,** in light of the foregoing, Defendant, FINEST DRYWALL, INC., respectfully request this Court deny Plaintiffs' Motion for Summary Judgment in this cause and for any other relief this court deems just and proper.

DATED: August 31, 2011.

                                                **LAW OFFICE OF ALEXIS GONZALEZ, P.A.**
                                                Attorney for Defendants
                                                9755 S.W. 40th Terrace
                                                Miami, Florida 33165
                                                Telephone: (305) 223-9999
                                                Fax No. (305) 223-1880

                        By: _____s/Lissette M. Carreras_____
                              ALEXIS GONZALEZ, ESQ.
                              Florida Bar No.: 180785
                              LISSETTE M. CARRERAS, ESQ.
                              Florida Bar No.: 18079

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail on this 31st day of August, 2011, upon:

Cindy L. Ebenfeld, Esq.,
11011 Sheridan Street
Suite 104
Cooper City, Florida 33026

Jocelyn P. Jopa, Esq.
Joseph Hinkhouse, Esq.
Hinkhouse Williams Walsh LLP
180 N Stetson Ave., Suite 3400,
Chicago, IL 60601

Anna M. Piazza, Esq.
Anderson Kill & Olick, PC,
1251 Avenue of the Americas
43rd Floor

New York, NY 10020

                                                  By: ___s/Lissette M. Carreras_____
                                                           Lissette M. Carreras, Esq.