**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and COMMERCE AND INDUSTRY INSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>v.<br><br>BETA CONSTRUCTION LLC f/k/a BETA DRYWALL LLC; FINEST DRYWALL, INC.; and ROBERT C. PATE, as Trustee for the WCI Chinese Drywall Trust,<br><br>                    Defendants. | CASE NO.: 8:10-cv-01541-RAL-TBM |

**ROBERT C. PATE'S AND FINEST DRYWALL, INC.'S**
**MOTION TO AMEND THE CASE MANAGEMENT AND SCHEDULING ORDER**

Defendant, Robert C. Pate, as Trustee for the Chinese Drywall Trust ("Pate"), and Defendant, Finest Drywall, Inc. ("Finest"), respectfully move to amend the Case Management and Scheduling Order in this case, entered on October 6, 2010 [D.E. 33] (the "Scheduling Order").

In support of this motion, Pate and Finest state that, given the current status of the case, the Scheduling Order allows insufficient time for the completion of discovery and for meeting the subsequent deadlines. More specifically, Pate and Finest state that:

1. According to the Scheduling Order, discovery closes in less than one month on March 13, 2012.

2. After the Court (Judge Lazzara) denied Plaintiffs' motion for summary judgment, Pate re-served Plaintiffs with Pate's First Set of Interrogatories and First

- 1 -

Request for the Production of Documents on September 15, 2011. Similarly, Finest re-served its discovery requests on September 16, 2011.

3. In response to Pate's document requests, Plaintiffs have made only a partial document production.

4. Plaintiffs have not yet responded to Finest's discovery requests.

5. Subsequently, and at the Plaintiffs' request, Pate and Plaintiffs negotiated and moved for a Protective Order, which was granted on December 27, 2011.

6. Since then, counsel for Pate and Finest have, on separate occasions, reached out to Plaintiffs' counsel to determine when Plaintiffs intend to satisfy their outstanding discovery obligations.

7. Plaintiffs' counsel has not provided a time frame.

8. Should Plaintiffs supplement their discovery responses prior to the discovery cut-off, insufficient time exists for Pate to review the responses, continue good faith discussions regarding any discovery deficiencies, and move to compel, if necessary.

9. Likewise, insufficient time exists for Plaintiffs to serve discovery responses on Finest, for Finest to review the same, and for Finest to secure Plaintiffs' complete compliance with their discovery obligations.

10. Pate's counsel has made Plaintiffs aware of Pate's intention to file this motion; however, Plaintiffs have not responded with a position.

11. To allow sufficient time for the completion of discovery and subsequent litigation activities, Pate and Finest respectfully request that the Court amend the Scheduling Order, extending all deadlines by 60 days.

## CONCLUSION

For the foregoing reasons, Pate and Finest respectfully request that the Court amend the Scheduling Order, extending all deadlines by 60 days.

Dated: February 17, 2012

/s/ Anna M. Piazza
Robert M. Horkovich, Esq.
Anna M. Piazza, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
T: 212-278-1000
F: 212-278-1733
rhorkovich@andersonkill.com
apiazza@andersonkill.com

*Trial counsel for Defendant Robert C. Pate, as Trustee for the Chinese Drywall Trust*

/s/ Lissette M. Carreras
Lissette M. Carreras, Esq.
Law Office of Alexis Gonzalez, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
T: 305.223.9999
F: 305.223.1880
E: LCarreras@AGLawPA.com

*Counsel for Defendant Finest Drywall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

/s/ Anna M. Piazza
Anna M. Piazza